WARREN F. ROLLINS, Doing Business under the Firm Name of ROLLINS BROS., Respondent, v. JAMES W. ARMSTRONG, Individually and as Superintendent of Buildings of the City of Yonkers, Appellant.— The decision of this court handed down on March 15, 1929,* is hereby amended to read as follows: Peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements, and proceeding dismissed, with costs. Respondent proposes to erect upon his lot a building with the entrance wall facing the rear of the lot and the opposite or rear wall facing the street. He also proposes to make such wall facing the street thirteen feet higher than the Zoning Ordinance permits the " front " wall of a building in that district to be, although the wall of the entrance side, facing the rear of the lot, is within the permitted height. The height of the building must be measured from the street side of the building. A permit to erect a building to be constructed as planned violates the Zoning Ordinance and may be revoked by appellant. (Building Code of the City of Yonkers, art. I, § 4, subd. 7.) The permit having been illegally granted, no vested right of respondent has been violated. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

In the Matter of the Application of UGAST REALTY, INC., for an Order of Mandamus against ALBERT E. KLEINERT, as Superintendent of the Bureau of Buildings, Borough of Brooklyn, City of New York.— Order denying motion for peremptory mandamus order unanimously affirmed, without costs. Relator seeks to exclude property from the operation of the zoning laws.† Mandamus against the building superintendent is improper. Variances may be granted, upon a proper showing, by the board of standards and appeals, or the territory may be re-zoned by the board of estimate and apportionment. Rich, Kapper, Carswell and Scudder, JJ., concur; Lazansky, P. J., concurs in result.

H. GUY JOHNSON, Respondent, Appellant, v. PEARL GLENN, Appellant, Respondent.— Judgment and order denying motion to set aside verdict reversed upon the law and the facts and new trial granted, costs to abide the event, upon authority of Johnson v. Glenn (post, p. 752), decided herewith. In these circumstances plaintiff's appeal from the order denying motion to correct the verdict is dismissed, without costs. Kapper, Rich, Hagarty, Carswell and Scudder, JJ., concur.

---

* See 226 App. Div. 687.— [REP.

† See Building Zone Resolution of City of New York.— [REP.