In the Matter of MARILYN L. COWGER, Appellant, v CHARLES MONGIN et al., Constituting the Zoning Board of Appeals of the Town of Niskayuna, Respondents. — Appeal from a judgment of the Supreme Court at Special

---

Term (Cerrito, J.), entered December 9, 1980 in Schenectady County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Niskayuna. On June 8, 1979, petitioner obtained a building permit allowing her to construct two fences on her property in the Town of Niskayuna. Construction of the fences commenced in October, 1979. A neighbor of petitioner registered a complaint concerning the fences with the Town Board of the Town of Niskayuna on November 20, 1979 and was told to attend a meeting of the Town of Niskayuna Planning Board and Zoning Commission on December 3, 1979. He attended that meeting and was told that he could not obtain the relief he sought before the planning board. Consequently, on December 6, 1979, the neighbor filed an appeal with the zoning board of appeals challenging the issuance of the building permit to petitioner. The board reserved decision on the appeal but ordered petitioner to remove the barbed wire on one of the fences within 30 days. In February, 1980, the Town of Niskayuna commenced an action against petitioner seeking the removal of the barbed wire. At a meeting of the board held on February 7, 1980, it was decided that the fences were accessory structures; that petitioner already had two accessory structures on her property; and that the fences were constructed in violation of the town zoning ordinance which permits only two accessory structures per residential lot. The building permit was therefore ruled invalid and petitioner was ordered to remove the fences. This article 78 proceeding was then commenced seeking annulment of the Board's determination. Special Term dismissed the complaint of the Town of Niskayuna as moot, dismissed petitioner's application, and ordered that the fences be removed by petitioner. This appeal ensued. Petitioner maintains that the appeal by her neighbor to the zoning board of appeals was untimely. The relevant rule provides that an "appeal must be made within thirty (30) days of the action of the administrative official appealed from" (General Governing Rules, Zoning Board of Appeals of the Town of Niskayuna, § 5.1.2). In situations such as the present one, however, where a person demands revocation of a permit issued to another, an appeal should not be required until his demand for revocation has been rejected with some formality and finality (*Matter of Pansa v Damiano,* 14 NY2d 356). Applying a liberal construction to the applicable rule in the instant case as the court did in *Pansa* and considering the circumstances surrounding the appeal, we conclude that the appeal was timely. Section 5.7.1.1 of article 5 of the Town of Niskayuna Zoning Ordinance permits only two accessory structures per residential lot. Petitioner does not dispute that at the time she obtained the building permit she had two accessory structures on her property. She does argue, however, that the board incorrectly determined that the fences were accessory structures. In this regard it is to be noted that the construction given an ordinance by a zoning board should be upheld if not irrational or unreasonable (*Matter of Delles v Cooper,* 55 AD2d 244, 245-246). An "accessory structure — minor" is defined as "detached accessory buildings or other structures one hundred and twenty (120) square feet or less in area" (Town of Niskayuna Zoning Ordinance, art II). Fences are by definition included as structures (*id.*). Section 5.7.1.2-B of article 5 of the ordinance provides that "No minor access structure *other than fences,* shall be located within five (5) feet of the side or rear lot lines" (emphasis added). Upon consideration of these pertinent provisions of the zoning ordinance, we are of the opinion that the board's determination that fences are accessory structures is rational and reasonable and, therefore, should not be disturbed. Petitioner also contends that the town should be estopped from invalidating the building permit she obtained due to her reliance on the permit in constructing the fences. We disagree. An invalid

permit vests no rights in contravention of a zoning ordinance in the person obtaining that permit (see *Matter of B & G Constr. Corp. v Board of Appeals of Vil. of Amityville,* 309 NY 730; *Rollins v Armstrong,* 226 App Div 752, affd 251 NY 349). Accordingly, the town was not estopped from enforcing its zoning ordinance under the present circumstances (see Anderson, New York Zoning Law and Practice [2d ed], § 6.09, pp 178-181). We have considered petitioner's remaining arguments and find them unpersuasive. The judgment must be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.