■ In the Matter of HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, Appellant-Respondent, v EDWARD CARLE et al., Constituting Planning Board of the Town of Rochester, et al., Respondents, and DONNA GREENHILL et al., Intervenors-Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 5, 1981 in Ulster County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted petitioner's application to the extent that it directed respondent Planning Board of the Town of Rochester to hold public hearings on petitioner's site plan application and denied intervenors' motion to dismiss the

application as time barred. In June, 1980, the Holy Spirit Association for the Unification of World Christianity (HSA) purchased certain property, which had previously been used as a children's summer camp, in the Town of Rochester in Ulster County. Sometime thereafter, an inspection of the property was made by the Town of Rochester's zoning inspector in order to determine whether HSA had changed the use of the property in such a way as to require a new zoning permit. Although no written determination was made, the inspector apparently made an oral determination that no such change of use had occurred. Accordingly, on July 9, 1980, a certificate of occupancy was issued by the multiple residence inspector permitting the property to be used as a "summer camp" between May 15 and October 15, 1980. On July 21, 1980, a town resident filed an appeal from the "determinations" of the zoning inspector and multiple residence inspector on the ground that a change in the use had occurred on the subject property which change required a special use permit. Shortly thereafter, HSA purchased a second parcel of property with a one-family dwelling immediately adjacent to the camp property. A second inspection of the HSA parcels was subsequently conducted by a newly appointed zoning inspector, for the apparent purpose of clarifying, for purposes of the appeal, the former inspector's earlier unrecorded determination. On October 17, after HSA had closed the summer facility, the zoning inspector, by letter addressed to HSA, determined that three violations of the Town of Rochester's Zoning Ordinance existed on the HSA property: (1) that the camp property was being used as a "church or other place of worship" and thus required site plan approval under subdivision A of section III of the ordinance; (2) that the one-family residence property was no longer being used as a single-family dwelling and, therefore, required a special use permit under that same section; and (3) that the fence surrounding the property exceeded the maximum allowable height under subdivision 7 of section V of the ordinance. The inspector directed HSA to file the appropriate applications within 30 days. Three appeals, including one by the intervenors, were subsequently filed from the inspector's determinations with the Town of Rochester's Zoning Board of Appeals pursuant to section VIII (subd C, par 1) of the zoning ordinance on the ground that a special use permit was required for all the HSA property, not just the property on which the single-family dwelling was located. No appeal was filed by HSA. Subsequent to the filing of these appeals, and within the 30-day limitation prescribed by the zoning inspector, HSA submitted a site plan application. The application, however, covered not only the camp property, but, in addition, the single-family residence property for which the inspector had determined that a special use permit was required. Despite this discrepancy, the zoning inspector, on or before December 9, 1980, referred the application to the Town of Rochester Planning Board for its review pursuant to subdivision B of section VII of the zoning ordinance. On January 13, 1981, the planning board determined, over HSA's objection, that under section VIII (subd C, par 1, subpar d) of the zoning ordinance, and the corresponding subdivision 4 of section 267 of the Town Law, its review of HSA's site plan application was stayed pending a determination by the zoning board of appeals of the appeals filed from the zoning inspector's October 17 determination. This stay by the planning board was not officially recorded in the office of the board, but was contained in the minutes of the board meeting which were filed with the town clerk on February 1, 1981. No further action was taken until April, 1981, when HSA instituted this proceeding seeking, *inter alia,* an order directing the zoning inspector to issue HSA the zoning permits necessary to allow it to use its property for religious purposes. Town residents Donna and Leon Greenhill, owners of Worley Homes, Inc., were granted permission to intervene in the proceeding and, in their answer, they requested that the

proceeding be dismissed as time barred under the 30-day Statute of Limitations provided by section 282 of the Town Law. Special Term held, however, that because the planning board's action to stay the proceedings pending a determination of the appeals was not a "final" determination of the planning board from which an appeal must be filed within 30 days pursuant to section 282 of the Town Law, petitioner's application was not time barred. As to the merits, Special Term held that because the source of the planning board's power to act upon the site plan application "[did] not stem from the rulings of the zoning inspector and the multiple dwelling inspector", section VIII (subd C, par 1, subpar d) of the zoning ordinance was not applicable and that, therefore, the planning board had improperly stayed its review proceedings. Special Term refused, however, to grant the relief requested by HSA, but instead ordered the planning board to hold public hearings on the HSA application within 30 days and to render a decision within 45 days thereafter. HSA appeals that part of Special Term's order which denied its request for an order directing the zoning inspector to issue HSA the required permits, and the intervenors cross-appeal that part of the order which denied their request to dismiss the proceeding as time barred. We agree that the remedy fashioned by Special Term provides a proper solution to the procedural entanglement created by these parties. However, in our view, much of the legal argument offered by those parties has heretofore been rendered moot. We note that in May, 1981, before Special Term's decision herein, and just prior to the scheduled summer opening of HSA's facility, the zoning officer, in an effort to lift the stay and thereby prohibit the facilities' opening, filed a "certificate of imminent peril" pursuant to section VIII (subd C, par 1, subpar d) of the zoning ordinance. Petitioner thereupon instituted another article 78 proceeding, wherein a restraining order to keep the stay intact was sought, which was dismissed by Special Term. Upon appeal, a motion in this court for a preliminary injunction was denied in an order joining that appeal with this matter, which was then pending.* The stay having been lifted, the planning board thereupon notified HSA that hearings were to be held on its application. HSA took no further action and in due course the planning board dismissed the application without a hearing on the ground that the application did not conform with the zoning inspector's determination that a special use permit was required for the single-family residence property. Accordingly, the stay by which the planning board felt it was bound has been lifted, the further intended use of the property has been restricted, and much of the argument herein is academic. Nevertheless, we conclude that there was no abuse of discretion in the refusal of the planning board to direct the zoning inspector to issue a zoning permit, notwithstanding HSA's argument that under a provision of the ordinance failure of the board to communicate in writing with the zoning inspector entitles him to assume that a site plan meets with the board's approval. It is abundantly clear that the views of the planning board were well known to the zoning inspector and the mere directory provision relative to time limitations contained in the language of the ordinance is not compelling under the circumstances presented, particularly where delay is sought as a basis to divest the board of jurisdiction where the acts to be performed are for the benefit of the public (*Matter of Sullivan v Siebert,* 70 AD2d 975; *Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754; *Matter of Rochester Gas & Elec. Corp. v Maltbie,* 272 App Div 162, 166). Rather than requiring the commencement of new applications by HSA, a hearing on the pending applications should proceed so that the matter may be

---

* We note that HSA has discontinued its appeal of Special Term's dismissal of its petition seeking a restraining order.

resolved at an early date. Judgment affirmed, with costs to respondents and intervenors-respondents against petitioner. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.