■ HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, Appellant, v KENNETH C. BRUSH, as Town of Rochester Zoning Inspector, Defendant, and DONNA GREENHILL et al., Intervenors-Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Torraca, J.), entered October 8, 1982 in Ulster County, which partially granted intervenors' cross motion to compel plaintiff to answer certain questions of a second set of interrogatories served by intervenors, and (2) from an order of said court (Williams, J.), entered February 22, 1983 in Ulster County, which partially granted intervenors' first motion directing plaintiff to answer certain questions of a first set of interrogatories served by intervenors. The underlying action seeks damages from the zoning inspector of the Town of Rochester, Ulster County, for issuing a "Certificate. of Imminent Peril" pursuant to subdivision 4 of section 267 of the Town Law. All of the facts and circumstances leading up to the issuance of that certificate are set forth at length in a decision of this court when this controversy was before us on a prior occasion, although postured in a different procedural setting (*Matter of Holy Spirit Assn. for Unification of World Christianity v Carle,* 90 AD2d 591). The only issues to be resolved upon this appeal are the propriety of the language contained in certain interrogatories and the information sought to be discovered by them (CPLR 3101, subd [a]; 3131). It is the intervenors who seek this information to support their affirmative defenses of, among other things, bad faith, misrepresentation, illegality, the providing of false information to local officials as to the purpose and operation of the camp, and the number of enrollees and their status as citizens or aliens. Applying the well-established rules for full disclosure of all facts material and necessary to a defense of the action (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406), limited, however, to information needful and sufficiently related to the issues in the litigation (*Goldberg v Blue Cross,* 81 AD2d 995, 996), we would modify the orders appealed from in the following manner. Interrogatories numbered 1, 3, 5 and 13 in the second set of interrogatories request the identification of persons staying at the camp during the summer of 1980. Since the affirmative defense is, generally, geared to the number of people staying at the camp, we find no need to identify the names of individuals when the number thereof would suffice. Interrogatory number 6 requests information concerning financial records such as receipts for food, sales tax, moneys paid to staff and purchases at the camp canteen. We find this request irrelevant and thus impermissible. As to the appeal challenging the order directing answers to interrogatories numbered 12B, 13B, 23 and 62 in the first set of interrogatories which, again, request the identity of persons attending the camp, we arrive at the same conclusion since none of those requests meet the test of usefulness and reason, but demand excessive amounts of irrelevant information (*Vancek v International Dynetics Corp.,* 78 AD2d 842, 843). Finally, we find the constitutional argument submitted by plaintiff without merit since, under the circumstances, there is no possible infringement of any constitutional right secured by the First and Fourteenth Amendments (*Lloyd Corp. v Tanner,* 407 US 551, 567; *National Assn. for Advancement of Colored People v Alabama,* 357 US 449, 462). Order entered October 8, 1982 modified, on the law and the facts, by striking so much thereof as demanded answers to interrogatories numbered 1, 3, 5, 6 and 13, and, as so modified, affirmed, without costs. Order entered February 22, 1983 modified, on the law and the facts, by striking so much thereof as demanded answers to

interrogatories numbered 12B, 13B, 23 and 62, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.