■  In the Matter of JOHN SAPP, on Behalf of Himself and All Others Similarly Situated, Respondent, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered January 26, 1984 in Washington County, which (1) dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* declare an institutional regulation unconstitutional as applied to petitioner and annul a disciplinary determination, and (2) ordered respondents to implement rules according inmates of the Muslim faith reasonable opportunity to exercise their religion.

Petitioner was an inmate at Great Meadow Correctional Facility[*] when, on September 10, 1983, he was issued a misbehavior report for violating an institutional rule limiting prayer to inmates' living quarters and places designated for religious worship. Petitioner's defense was that, as a devout Sunni Muslim, he is obligated to pray five times a day at prescribed times, some of which occurred when inmates were not in their cells. Petitioner's defense was rejected and he was disciplined. Instead of taking an administrative appeal, petitioner commenced this CPLR article 78 proceeding in the form of a class action seeking to declare the institutional regulation unconstitutional as applied and to annul the disciplinary determination. Respondents moved to dismiss on the grounds that petitioner failed to allege the exhaustion of his administrative remedies and that the petition failed to meet the requirements for class action status. Special Term granted the motion and dismissed the proceeding, but additionally ordered respondents "to proceed to implement

---

[*]  Petitioner has since been transferred to Attica Correctional Facility.

rules and regulations consistent with proper discipline and management of the institution to accord members of the Muslim faith reasonable opportunity to exercise their religion and the various prayers at various times under such rules and regulations". Respondents appeal from the judgment.

Petitioner has not taken an appeal. Accordingly, the propriety of the dismissal of the proceeding on procedural grounds is not before us. Respondents' position is that, having dismissed the proceeding, Special Term had no authority to order them to make rules providing for prayer for inmates of the Muslim faith. We agree. Once the proceeding was dismissed, Special Term was without jurisdiction to order affirmative relief. Its observations regarding prayer by Muslim inmates were merely dicta which were not properly included in the judgment.

Judgment modified, on the law, by reversing so much thereof as directed respondents to implement rules and regulations to accord members of the Muslim faith reasonable opportunity to exercise their religion, and, as so modified, affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.