■ JOHN J. SMITH, Respondent, v CITY OF ALBANY, Appellant, and JAMES TOBIN et al., Intervenors-Appellants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 26, 1984 in Albany County, which, inter alia, denied defendant City of Albany's motion to vacate a preliminary injunction issued against it.

Plaintiff acquired the property which is the subject of the instant appeal in 1976. Although the property had been in a residential zone since 1968, plaintiff has operated an automotive repair business in an existing garage on the premises almost since acquisition. Defendant City of Albany (City), however, has never sought to prevent that use of the garage and it is not in issue in the present litigation. In October 1982, plaintiff decided to extend this business use of his property by constructing a 28- by 40-foot cinder block addition for a repair shop. When construction began, the City issued a stop order because of plaintiff's failure to obtain a building permit. The following day, plaintiff filed an application for a permit in which he represented that the estimated cost of construction was $1,000 and that the work would be done "as per Building Code and Zoning Law". A building permit was promptly

issued, followed by utility permits and a certificate of occupancy when construction was completed in November 1982, and plaintiff began using the new addition in his business. Defendant James Tobin, an owner of neighboring property, then appealed to the City Board of Building and Zoning Appeals which subsequently determined that the building permit should not have been issued. Meanwhile, plaintiff applied to the City Common Council for relief by way of the granting of a variance or a rezoning of the property to light industrial. That body rejected the application. In April 1984, the City's Department of Buildings issued a cease and desist order prohibiting plaintiff from using the new building in his business. In response, plaintiff brought this action for a judgment declaring that the City's zoning ordinance is unconstitutional as applied to his property and that the City is estopped from enforcing it against him. Plaintiff applied for a preliminary injunction, which Special Term granted on the basis of plaintiff's estoppel argument. This appeal by the City and defendant intervenors then ensued.

We reverse. In order to prevail on his application for a preliminary injunction, plaintiff had to establish, *inter alia,* a likelihood of success on the merits "which means a strong showing in affidavits and other proof supplying evidentiary detail" (Siegel, NY Prac § 328, at 399). Plaintiff's submissions on his application failed to make any such showing. Regarding estoppel, plaintiff essentially alleges in conclusory fashion that the City's Department of Buildings represented that his construction would be in conformance with the zoning ordinance, issued the necessary permits and failed to inform him that he was in violation of the ordinance until he had completed construction, having expended more than $20,000 for materials alone. Although, in exceptional instances, a governmental entity may be prevented from disclaiming the unauthorized or unlawful acts of its agents *(La Porto v Village of Philmont,* 39 NY2d 7, 12), and enforcement of a zoning ordinance may be subject to the existence of appropriate equitable defenses *(Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 745), plaintiff's factual showing establishes nothing of significance beyond the issuance of a building permit and acquiescence on the part of the City while construction took place. It has been held repeatedly that this is insufficient to estop a municipality from enforcing a zoning ordinance *(Matter of B & G Constr. Corp. v Board of Appeals,* 309 NY 730, 732; *City of Yonkers v Rentways, Inc.,* 304 NY 499, 504-505; *Town of Union v J & M Pallet Co.,* 50 AD2d 628, 630, *lv denied* 38 NY2d 710).

Order modified, on the law, with costs to defendants, by reversing so much thereof as denied the motion to vacate the preliminary injunction; motion granted and preliminary injunction vacated; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.