OPINION OF THE COURT
F. Warren Travers, J.
Petitioners seek a judgment of this court pursuant to CPLR 7803 (2) prohibiting respondents from exercising jurisdiction *514 over a land subdivision known as Shingle Hollow. Petitioners assert that the respondents have no authority pursuant to section 276 of the Town Law to approve or disapprove the Shingle Hollow subdivision. Respondents claim the Planning Board of the Town of Hoosick does have jurisdiction over the subdivision.
Petitioners acquired land in the Town of Hoosick in 1984 and following the laws and regulations then in effect, obtained all necessary approvals for a 15-lot subdivision known as Shingle Hollow. The subdivision map was filed in the Rensselaer County Clerk’s office and building permits were issued by the Town of Hoosick for each of the 15 lots. Petitioners commenced rough grading of the site, installed gravel for a roadway on part of the site and commenced construction of a two-family residential building on one lot.
Thereafter, the Town of Hoosick adopted planning regulations that gave the Planning Board of the Town of Hoosick authority to approve land subdivisions. The Planning Board directed all work at Shingle Hollow to stop and directed the petitioners to submit to it, for review, a subdivision application. Petitioners commenced this proceeding rather than submit to the jurisdiction of the Planning Board.
Section 276 of the Town Law grants to the Town Board the power to grant to the Planning Board the authority "to approve the development of plats already filed in the office of the county clerk or register of the county in which such plat is located if such plats are entirely or partially undeveloped.” (Town Law § 276 [1].) Such authority was granted to the Planning Board by local resolution adopted January 13, 1986. Such authority is contained in section 101 of article 100 of the Town of Hoosick subdivision regulation. Section 276 of the Town Law further defines "undeveloped” as those plats where 20% or more of the lots within the plat are unimproved. (Town Law § 276 [1].) The term "unimproved” is not further defined.
Petitioners argue that the laying out of the subdivision into lots constitutes improvement of each and every lot such that all of the lots have been improved. In addition, it is argued that a partially completed dirt road improves more than 80% of the lots.
Respondents term these improvements minor.
The court must interpret the intention of the Legislature in defining "improvement”. It is clear that the surveying work *515 involved in laying out the subdivision is not included in the definition of “improvement”. This is so because section 276 assumes a plat to have been filed. That section involves plats where 20% or more of the lots are unimproved.
In order to file a plat all the surveying work must have been accomplished. If the laying out of the lots improved each lot, as contended by the petitioner, the 20% requirement would make no sense. The court finds no case specifically defining the word improvement within the meaning of section 276 of the Town Law. This court believes, however, that the intention of the Legislature, in defining improvement, was to require a building constructed on each lot or installation of fully completed roads, sewers, water, electric and other capital improvements. It is this court’s interpretation that here, 20% of the lots or more are “unimproved” within the meaning of section 276 of the Town Law.
On that basis, the Planning Board does have jurisdiction to review the existing filed subdivision known as Shingle Hollow.
Petitioners also argue that the rule of Matter of Van Euclid Co. v Sargent (97 AD2d 913) prevents the Planning Board from exercising jurisdiction over the petitioners. Petitioners interpret that case to state that the Planning Board does not have authority over modern subdivisions. The court in that case stated (at 914) ”[t]he legislative intent in amending section 276 was to extend the planning board’s jurisdiction to include subdivisions previously filed but not yet developed in order to prevent developers of land covered by old filed maps from avoiding modern subdivision regulations”.
It is this court’s interpretation of that case to mean that the Planning Board may exercise jurisdiction over any subdivision filed prior to the creation of the Planning Board regardless of chronological age. The intent is to permit the Planning Board to review the filed subdivision whether it was filed immediately before the Planning Board came into existence or many years before. The term "old filed map” refers to any date preceding the existence of the Planning Board. This, of course, assumes that 20% or more of the lots in the old subdivision are undeveloped.
The court has examined the other issues raised by petitioners including the claim that Town Law § 276 (1) is unconstitutional as applied to petitioners and finds them to be without merit. The petition is dismissed.