■ In the Matter of LANDQUEST, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF HOOSICK et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Travers, J.), entered August 4, 1988 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from exercising jurisdiction over petitioners' subdivision.

In March 1985, petitioner Landquest, Inc., presented respondent Planning Board of the Town of Hoosick (hereinafter the Planning Board) with a proposed 15-lot subdivision, known as the Shingle Hollow Subdivision, of a 19.25-acre parcel it had recently purchased in respondent Town of Hoosick. At that time the Planning Board functioned only in an advisory capacity, without authority to approve or disapprove a subdivision. Although the Planning Board, after twice reviewing the proposal, expressed a number of objections, Landquest ignored the Planning Board's concerns and presented it to the Rensselaer County Board of Health, the Rensselaer County Planning Department and the New York State Historic Preservation Office, all of which either approved the project or found it would have no negative impact. Landquest thereupon filed the subdivision map and, on May 22, 1985, was granted building permits for all 15 lots by the Town Clerk.

Landquest and its joint venturer, petitioner Shingle Hollow Associates, proceeded to rough grade the parcel, install a gravel roadway which services 12 of the 15 lots—the remaining three of which are apparently presently inaccessible because a 50-foot right-of-way has not yet been secured from Niagara Mohawk Power Corporation—and began construction of a two-family residence on lot No. 15.

In the interim, on January 13, 1986, the town adopted a resolution empowering the Planning Board to approve or disapprove various land use changes within the town, including authority to pass upon plats already filed of subdivisions entirely or partially undeveloped, pursuant to Town Law § 276; as defined by the Town Law and relevant here, a plat is undeveloped when "twenty percent or more of the lots within the plat are unimproved" (Town Law § 276 [1]). Thereafter, when the Planning Board sought to review the Shingle Hollow subdivision petitioners initiated the instant proceeding con-

tending that since improvements they made to the parcel were such that the subdivision was not undeveloped, the Planning Board lacked jurisdiction; alternatively they argued that Town Law § 276 is unconstitutional as applied to them and that the town is estopped by its actions from disapproving their subdivision.

Supreme Court dismissed the petition finding that 20% of the lots or more were unimproved within the meaning of Town Law § 276 (1), hence the Planning Board did indeed have jurisdiction, and rejected petitioners' remaining arguments. This appeal ensued; we affirm.

The crux of petitioners' appeal is that there is no requirement within Town Law § 276 that the improvements made before the town enacted the resolution authorizing the Planning Board to act in other than an advisory capacity be substantial, and since the roadway they constructed benefits all of the lots, albeit only an indirect benefit to three of the lots, the plat is no longer partially undeveloped. This assertion is plainly at odds with the legislative intent of the statute. That over 80% of the subdivision must be developed to deprive a planning board of jurisdiction clearly demonstrates that the Legislature requires substantial improvement before exemption from planning board review will be permitted. A contrary conclusion would permit developers to easily skirt review of old filed maps merely by making minor improvements (see generally, Matter of Van Euclid Co. v Sargent, 97 AD2d 913). Moreover, a requirement that work be of substantial character before a developer is exempted from new land use regulation is a zoning and planning principle of long standing in this State (see, People v Miller, 304 NY 105, 109).

Petitioners' ancillary arguments do not militate against this view. Lien Law § 2 (4), which petitioners point to as a helpful analogue, with its definition of "improvement", is simply irrelevant to the issues at hand. By the same token, the legislative history of Town Law § 276 referred to in Matter of Van Euclid Co. v Sargent (supra) was correctly interpreted by Supreme Court when it stated that "old filed plats" refers to any plat filed prior to the existence of the planning board regardless of chronological age.

Finally, the action of the Planning Board is not unconstitutional as applied here. A landowner acquires a vested right to complete construction of a structure or development made pursuant to a permit issued before enactment of a new land use regulation, provided substantial construction has been

under taken and substantial expense incurred by the developer prior to the effective date of that regulation (see, Matter of Putnam Armonk v Town of Southeast, 52 AD2d 10, 14). Here, although petitioners expended some $35,000 prior to the Planning Board's new grant of authority, that amount is insubstantial when contrasted with the projected $675,000 construction cost of the entire development (see, e.g., Town of Hempstead v Lynne, 32 Misc 2d 312, 316).

Petitioners' remaining arguments do not merit discussion.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. [See, 140 Misc 2d 513.]