■ In the Matter of PATRICK SBUTTONI et al., Respondents, v TOWN OF EAST GREENBUSH ZONING BOARD OF APPEALS, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered June 15, 1990 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent granting an area variance to Mario Le Pore, III and Rita Le Pore.

The primary question presented on this appeal is whether the determination of respondent granting an area variance, on the ground that the applicant property owners demonstrated a "practical difficulty" in the use of the land, has a rational basis and is supported by substantial evidence in the record. Supreme Court held that the determination was without a

rational basis and not supported by substantial evidence. We agree. The judgment of Supreme Court should therefore be affirmed.

The law is well settled that to obtain an area variance a property owner must demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). While "no precise definition of the term 'practical difficulties' has yet been formulated, in general [an applicant] must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1] [4th ed]). Here, as Supreme Court opined, "[a]n applicant does not qualify for an area variance by showing that one is merely inconvenienced by the zoning restrictions" *(see, Van Deusen v Jackson,* 35 AD2d 58, 62).

In this case, Mario and Rita Le Pore sought a variance from a 25-foot setback from the rear property line zoning requirement so they could construct a 20 by 20-foot addition to their already existing 20 by 20-foot residence. The rear wall of the Le Pores' existing residence was located only three feet from their rear property line and was a nonconforming use. The residence of the property adjacent to the Le Pores' back line was also only three feet from the property line. The proposed construction would increase the height of the Le Pores' building, blocking light and air access to the rear neighbor's home. It was also claimed that it would increase the fire hazard. The Le Pores' lot was 100 feet deep and 60 feet wide. They claimed that it was not practical to build to the front of their existing small residence because of water coming up from the ground after heavy rains from water springs and a tree. There was evidence that the cost of construction would be increased if they were to build to the front of their present house. However, they had only purchased the property within one year of applying for the variance. There was no expert testimony as to the nature and extent of the effect, if any, the water springs would have on any construction on the front portion of the property. There is nothing in the record to establish that the tree could not be moved so as to permit construction in that area. Therefore, the Le Pores demonstrated that they would be no more than inconvenienced by adhering to the zoning ordinance and their application for an area variance should not have been granted.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.