■ In the Matter of EDWARD F. SHOWERS, Appellant, v TOWN OF POESTENKILL ZONING BOARD OF APPEALS, Respondent. —Weiss, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered June 27, 1990 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a building permit.

On July 1, 1967, petitioner filed his subdivision plat for 30 building lots in the Town of Poestenkill, Rensselaer County, which had been given final approval by the Rensselaer County Health Department in May 1966. Up to that time there were no local land use ordinances or zoning restrictions in the Town. Petitioner completed some roadways, utilities, culverts, drainage and engineering, and constructed 18 one-family private homes in the development, leaving 12 vacant lots. The

Town then enacted a zoning ordinance effective January 1, 1971 and, as finally amended effective April 10, 1986, increased the minimum lot size to one acre. The Town's Planning Board informed petitioner that under Town Law § 265-a he had until April 10, 1989 to obtain building permits for his remaining lots, and on that date he delivered a letter to the Town's Building Inspector requesting permits for construction of houses on each of his 12 remaining lots.

On June 13, 1989, the Building Inspector denied an application by petitioner for a permit to build a one-family house on one of his remaining 12 lots, prompting petitioner to appeal to respondent seeking either reversal of the denial of the application or, alternatively, for a blanket area variance on the remaining lots. After a public hearing, the appeal and application for a variance were both denied. Respondent found that with the expiration of the exemption period provided in Town Law § 265-a, the remaining lots in the subdivision no longer existed and were neither grandfathered under the Town's zoning ordinance nor did they qualify for a blanket area variance. Petitioner then commenced this CPLR article 78 proceeding, which Supreme Court dismissed holding that the subdivision did not qualify for exemption from the zoning ordinance and that the denial of the variance application was supported by substantial evidence and was not arbitrary. Petitioner has appealed.

Petitioner first contends the Town's zoning ordinance exempted the preexisting undersized lots under a grandfather clause. In order to qualify under that clause, the lots were required to have been in a subdivision approved "in accordance with the Town's Land Subdivision Regulations" (1986 Town of Poestenkill Zoning Ordinance, art II, § 102-4) or be held in single ownership. Because the subdivision predated the 1971 enactment of the ordinance, it could not have been an approved subdivision. The intent of the zoning ordinance was to require Planning Board approval of undeveloped subdivision lots. Moreover, petitioner's claimed exemption of the lots under Town Law § 265-a was wholly untenable because the applicable exemption period in that statute commenced to run with the filing of the subdivision plat and expired long before the present controversy (see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, 77 NY2d 114, 119, n 2).

Petitioner next contends that he acquired vested rights as the result of having made extensive improvements in the subdivision. He avers that his improvements were made during the 23-year period dating from subdivision approval in

1967 to the time of commencement of the petition herein *(see, Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 14). In 1978 the Town informed petitioner that the zoning ordinance was applicable to existing subdivisions, thus firmly placing him on notice of the changes in the law. Other than the construction of one house in 1987,* no homes have been built since 1976. The record reveals that there was roadwork in progress in 1987 and 1988 after a dormancy of over 10 years and that most of the improvements, such as the roads and utilities which were necessary for the first 18 homes, are equally useful under the new zoning requirements *(see, Matter of Ramapo 289 Ltd. Partnership v Village of Montebello,* 165 AD2d 544, 547). Petitioner has failed to make a factual showing that the $50,215 expended for improvements over 28 years were substantial enough, when compared against the cost of the entire development, to entitle him to a vested right exemption from the ordinance *(see, Matter of Landquest, Inc. v Planning Bd.,* 148 AD2d 831, 832, *appeal dismissed* 74 NY2d 840, *lv denied* 75 NY2d 704). We further note that petitioner is not totally precluded from further development in that he can, at a minimum, create three conforming lots by resubdividing nine of the remaining lots and possibly qualify for relief on lots 9 and 10 which abut each other.

Petitioner's argument that respondent should be estopped from denying building permits for his remaining lots because of the earlier issuance of building permits is without merit. It is well established that estoppel is not available against a local governmental unit for the purpose of ratifying an administrative error *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed, cert denied* 488 US 801), or to preclude a municipality from enforcing provisions of its zoning laws *(supra).* An invalidly granted permit "vests no rights in contravention of a zoning ordinance in the person obtaining that permit" *(Matter of Cowger v Mongin,* 87 AD2d 932, 934, *lv denied* 57 NY2d 601, *appeal dismissed, cert denied* 459 US 1095). The record here is devoid of any evidence that petitioner was deliberately misled to his detriment.

Finally, petitioner argues that if he is not exempt from the provisions of the zoning ordinance, he is entitled to a blanket area variance for his 12 remaining lots. He contends that the denial of a blanket area variance was arbitrary and that he had adequately demonstrated financial hardship and practical

---

* Respondent contends that the issuance of the 1987 building permit was an erroneous oversight.

difficulties which entitled him to such relief. We cannot agree. Petitioner must demonstrate that " 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals,* 172 AD2d 940, 941, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314), and " 'show that as a practical matter he cannot use his property * * * "without coming into conflict with certain of the restrictions of the [zoning] ordinance" ' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1], at 38-44 [4th ed]). Mere inconvenience caused by zoning restrictions will not alone qualify an owner for an area variance *(see, Van Deusen v Jackson,* 35 AD2d 58, 62, *affd* 28 NY2d 608). We further find that petitioner has not demonstrated satisfaction of the necessary factors to be considered in determining applications for area variances *(see, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854, 855-856). Petitioner has failed to address the basic requirements for a variance and instead relied on the loss of value which would result from reconfiguration of the subdivision. The fact that property is worth more with an area variance permitting revival of the inactive subdivision does not establish that the denial of the area variance was arbitrary and capricious *(see, Matter of Johansen v Ochsie,* 158 AD2d 886, 888).

Accordingly, Supreme Court's judgment dismissing the petition must be affirmed.

Mahoney, P. J., Casey and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.

