■ In the Matter of MIDAS MUFFLER, Appellant, v CITY OF ALBANY et al., Respondents.—Appeal from a judgment of the Supreme Court (Hughes, J.), entered June 19, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondents with respect to a building permit issued to petitioner.

Petitioner requested and was granted a building permit in 1989 to pave part of its property for the creation of additional parking. Petitioner erroneously stated on its permit application that the property was located at 976 Central Avenue in the City of Albany when, in fact, the correct address was 967 Central Avenue. When respondent City of Albany Department of Buildings discovered this misinformation, it revoked the permit and ordered petitioner to return the site to its prior condition. The issuance of the building permit was not valid as it was in violation of the existing zoning ordinance and estoppel is not available against a municipality in this type of situation *(see, Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals,* 176 AD2d 1157, 1159, *lv denied* 79 NY2d 754; *Smith v City of Albany,* 115 AD2d 825, 826). In addition, as "[a]n invalidly granted permit 'vests no rights in contravention of a zoning ordinance in the person obtaining that permit' " *(Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals, supra,* at 1159, quoting *Matter of Cowger v Mongin,* 87 AD2d 932, 934, *lv denied* 57 NY2d 601, *appeal dismissed, cert denied* 459 US 1095; *see also, Scott v Manilla,* 163 AD2d 901, 902, *appeal dismissed* 76 NY2d 983), the Department had the authority to revoke the permit *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 281-282).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.