■ In the Matter of LEONARD W. KROUNER, Respondent, v CITY OF ALBANY et al., Appellants. [596 NYS2d 891] —Casey, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered June 29, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the City of Albany denying petitioner's request for an area variance.

Petitioner submitted an application to respondent City of Albany Zoning Board of Appeals for an area variance from the side yard setback requirement of the City of Albany Zoning Ordinance in order to construct an addition to his home on Euclid Avenue. After a hearing the Zoning Board denied petitioner's application upon the grounds that petitioner failed to demonstrate unique circumstances which would prevent the addition from meeting the side yard setback requirement and failed to demonstrate that he will suffer economic injury if required to meet the setback requirement. Petitioner sought review of the denial of his application in a CPLR article 78 proceeding and Supreme Court annulled the determination, concluding that denial of the area variance would force petitioner to make unreasonable structural changes to the existing property. Respondents appeal from Supreme Court's judgment.

We reject petitioner's contention that Supreme Court's judgment should be affirmed on the ground that the determination was null and void because of the Zoning Board's failure to

render a decision within 30 days as required by the Zoning Ordinance. The delay did not divest the Zoning Board of jurisdiction *(see, Matter of Holy Spirit Assn. for Unification of World Christianity v Carle,* 90 AD2d 591, 593), and in the absence of any provision in the Zoning Ordinance regarding the effect of the failure to comply with the time limit, the Zoning Board's failure to render a decision within 30 days is not tantamount to approval of petitioner's area variance request *(see,* 2 Anderson, New York Zoning Law and Practice § 25.29, at 351 [3d ed]).

In support of the application for an area variance, petitioner's architect testified that "[t]he addition needs to be in connection with the existing house, obviously, and there is one way to get to it, through the [existing] kitchen, but there is also a need to communicate it to the left side room which is right now an existing den." According to the architect, without direct access to the addition, the existing den "will become mostly useless because it will not be able to communicate with the back part of the house [the addition] which [will be] the daily use part, the more unformal part of the house". The variance was needed, according to the architect, in order to construct a passageway of adequate width between the existing den and the proposed addition. The architect conceded that access between the den and the addition could be achieved through the existing living room, but stated that it would be expensive to do so because of the woodwork and cabinets built into the walls of the living room. No evidence was presented as to the actual cost difference between the two methods of access.

We conclude that Supreme Court erred in annulling the determination of the Zoning Board. A local zoning board's determination of an application for a variance involves an exercise of discretion, and the courts may set aside the determination only where the record reveals illegality, arbitrariness or abuse of discretion *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). If the local board's determination has a rational basis and is supported by substantial evidence on the record, it must be sustained *(supra).* Where, as here, the application seeks an area variance, the applicant must "demonstrate that 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 314).

The record in this case contains no evidence that as a practical matter petitioner cannot utilize his residence with-

out coming into conflict with the side yard setback requirement of the Zoning Ordinance. At best, petitioner has demonstrated that if his request for an area variance is granted, he can construct an addition which will be more convenient and less expensive than the addition which could be constructed without the variance. Such a showing is, in our view, insufficient to establish the requisite "practical difficulties" (see, Matter of Fuhst v Foley, supra; Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals, 172 AD2d 940). The judgment should, therefore, be reversed and the Zoning Board's determination confirmed.

Yesawich Jr., J. P., Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.