■ In the Matter of EASTBROOK CONSTRUCTION COMPANY, INC., et al., Appellants, v ELIZABETH ARMSTRONG et al., Individually and as Members of the Town of Lewisboro, Respondents. [613 NYS2d 776] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Charde, Jr., J.), entered December 19, 1991 in Westchester County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Planning Board of the Town of Lewisboro denying petitioners' request for a wetlands activity permit.

Petitioners (hereinafter collectively referred to as Eastbrook) commenced this CPLR article 78 proceeding challenging the denial by the Planning Board of the Town of Lewisboro (hereinafter Board) of its application for a wetlands activity permit authorizing the construction of a single-family dwelling on a 1.189-acre parcel of property in the Town of Lewisboro, Westchester County, which it purchased on December 20, 1985. Prior to Eastbrook's purchase, the County Department of Health had granted approval for the construction of a septic system and a private water supply on the property and the Town's Building Inspector had issued a building permit. Construction commenced immediately after the purchase and, by January 3, 1986, the foundation had been completed. On that date, the Area Supervisor of the Westchester Bureau of Environmental Quality Control suspended the permit issued by the Department of Health on the ground the proposed septic tile field was located within the required 100-foot barrier adjoining wetlands. On January 6, 1986, the Town's Building Department issued a stop work order and

advised Eastbrook that it would not be rescinded until East-brook had obtained a wetlands activity permit in accordance with the provisions of the Town's Freshwater Wetlands Protection Law.[1] Eastbrook's initial application for such permit was denied by the Board on September 1, 1987. Eastbrook resubmitted its application on September 23, 1988 after attempting to satisfy the concerns expressed in the Board's September 1987 decision. Following a series of public hearings, the Board, by resolution dated March 7, 1989, again denied the application. Eastbrook then initiated a CPLR article 78 proceeding to review this determination. Supreme Court annulled the Board's denial of Eastbrook's application and remitted the matter to the Board for the purpose of distinguishing Eastbrook's application from similar cases where wetlands activity permits had been granted.[2]

Upon remittal, the Board issued a supplemental and an amended supplemental resolution denying Eastbrook's application for the reasons set forth in its March 1989 resolution and distinguishing prior successful wetlands activity permits from Eastbrook's application. This CPLR article 78 proceeding followed which Supreme Court dismissed, giving rise to this appeal.

Relying on *Matter of E.F.S. Ventures Corp. v Foster* (71 NY2d 359), Eastbrook's primary contention is that, because it had engaged in construction activity following the issuance of the building permit, the Board acted arbitrarily and capriciously in applying the Town's Freshwater Wetlands Protection Law to its property. We cannot subscribe to this argument because there is a critical distinction between this case and *E.F.S. Ventures*. The petitioner in *E.F.S. Ventures* had obtained vested rights that were beyond legal challenge *(supra,* at 364-365; *see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 122), whereas here the issuance of the building permit in contravention of the Town's Freshwater Wetlands Protection Law did not confer vested rights upon Eastbrook *(see, Matter of Midas Muffler v City of Albany,*

1. Under this law and its implementing regulation, the Town exercises regulatory authority with regard to, *inter alia,* construction activities in freshwater wetlands and all areas adjacent to any freshwater wetlands up to 100 feet from the boundary of such wetlands (Local Law, 1985, No. 2 of Town of Lewisboro § 2; Regulations for Administering the Town of Lewisboro Freshwater Wetlands Protection Law, Part A [1]).

2. Eastbrook's appeal from Supreme Court's judgment was dismissed by the Second Department on the ground that Eastbrook was not an aggrieved party within the meaning of CPLR 5511.

186 AD2d 856). Therefore, since the Board was acting in the discharge of its duties under the Freshwater Wetlands Protection Law and as it is not precluded from correcting errors arising from the mistaken or erroneous issuance of a building permit, we find the application of the Freshwater Wetlands Protection Law to Eastbrook's property to have been appropriate *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed, cert denied* 488 US 801).

We further find Eastbrook's contention that the Board's action constitutes an unconstitutional taking also lacking in merit for the reason that Eastbrook did not come forward with "dollars and cents" proof showing beyond a reasonable doubt that under no use permitted by the Freshwater Wetlands Protection Law would the property be capable of producing a reasonable return *(see, Matter of Kransteuber v Scheyer,* 80 NY2d 783, 786; *de St. Aubin v Flacke,* 68 NY2d 66, 77).

Lastly, inasmuch as the record supports the Board's findings that the wetlands areas are much more extensive than Eastbrook indicated, that all of the proposed improvements on the site would be located on land that is wetlands, and that the proposed construction would lower the water table which would possibly result in the elimination of wetlands, we find that the Board's denial of Eastbrook's application has a rational basis and is supported by substantial evidence *(see, Matter of Drexler v Town of New Castle,* 62 NY2d 413, 420).

For these reasons, we affirm. Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.