Stein, J.
Appeal from that part of a judgment of the Supreme Court (Lynch, J.), entered April 1, 2008 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, determined that certain real property owned by petitioner is not exempt from the Town of Poestenkill Zoning Ordinance.
The history of this matter is set forth in a prior decision of this Court (Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals, 176 AD2d 1157 [1991], lv denied 79 NY2d 754 [1992]). As relevant here, we affirmed a judgment of Supreme Court that certain undeveloped lots in petitioner’s subdivision (lots 9 and 10) did not qualify as “[e]xisting lots of record” under Town of Poestenkill Zoning Ordinance § 102-12, which would have exempted the lots from the minimum one-acre requirement imposed by the zoning ordinance,* thereby obviating the need for an area variance (id. at 1158).
In 2007, petitioner contracted to sell lots 9 and 10 contingent upon his obtaining municipal approval to build a home on the *1109 combined lots. Respondent Code Enforcement Officer for the Town informed petitioner that a building permit could not be issued for the two lots and referred petitioner to respondent Town of Poestenkill Zoning Board of Appeals (hereinafter ZBA). Petitioner’s subsequent application to the ZBA for an area variance was ultimately denied, prompting petitioner to commence this CPLR article 78 proceeding.
Supreme Court held, among other things, that petitioner had failed to preserve his argument that lots 9 and 10, as combined, were existing lots of record because he did not raise it before the ZBA. However, the court also went on to say that the argument lacked merit based upon this Court’s decision in Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals (supra). In all events, Supreme Court annulled the denial of the area variance on other grounds and remitted the matter to the ZBA for further proceedings. Petitioner now appeals only from that part of the judgment which determined that the combined lots 9 and 10 do not constitute an existing lot of record.
It is undisputed that petitioner failed to raise his contention that the combined lots 9 and 10 were existing lots of record in the administrative proceedings on review herein and, therefore, the issue was not preserved for review by Supreme Court (see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1155 [2008]; Matter of Ross v Selsky, 49 AD3d 1065, 1065 [2008]). Thus, to the extent that Supreme Court determined the merits of that contention, its determination is dictum. As such, Supreme Court properly excluded the determination from the decretal paragraphs of the judgment (see Matter of Sapp v Jones, 105 AD2d 574, 575 [1984]). Therefore, it is of no effect and petitioner is not aggrieved thereby.
Cardona, PJ., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

 The ordinance was enacted after petitioner’s subdivision was approved.