In the Matter of ATLANTIC DEVELOPMENT, LLC, et al., Appellants, et al., Petitioner/Plaintiff, v TOWN/VILLAGE OF HARRISON et al., Respondents. [901 NYS2d 71]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Building Inspector of the Town/Village of Harrison dated January 7, 2005, denying the petitioners/plaintiffs' applications for a grading permit and tree removal permit, and action, inter alia, for a judgment declaring that the

petitioners/plaintiffs are entitled to develop a certain parcel of real property without further review of their proposed subdivision maps and subdivision application by the Planning Board of the Town/Village of Harrison pursuant to the Town Law, the Code of the Town/Village of Harrison, the State Environmental Quality Review Act (ECL art 8) and the Freshwater Wetlands Law (ECL art 24), the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (R. Bellantoni, J.), entered February 23, 2009, which granted the separate cross motions of the respondents/defendants Town/Village of Harrison, Planning Board of the Town/Village of Harrison, and Robert W. Fitzsimmons, in his Official Capacity as the Building Inspector of the Town/Village of Harrison, the respondents/defendants Westchester Country Club and Harrison Rye Reality Corp., and the respondents/defendants Park Ridge Neighborhood Association, by Eric D. Witkin, President, Polly Park Association, by Joel R. Marcus, Treasurer, Joel R. Marcus, individually, and Eric D. Witkin, individually, for summary judgment, in effect, declaring that the petitioners/plaintiffs are not entitled to develop the subject real property without further review of their proposed subdivision maps and subdivision application by the Planning Board of the Town/Village of Harrison pursuant to the Town Law, the Code of the Town/Village of Harrison, the State Environmental Quality Review Act, and the Freshwater Wetlands Law, granted the separate cross motion of the respondents Diane Tierney, Raymond Tierney, Caroline Davis, Barry Davis, Debbie Connors, Tim Connors, Kevin O'Brien, Winifred O'Brien, Stuart Sternberg, Lisa Marie Kampfmann, Mark Miller, Mary Miller, William Doty, Jana Doty, Frederic Salerno, Patricia Salerno, Phil Hogan, Mary Hogan, David Dobell, and John Magliocco for the same relief and for summary judgment on the first counterclaim asserted by those respondents/defendants, denied their cross motion for summary judgment, in effect, declaring that they are entitled to develop the subject real property without further review of their proposed subdivision maps and subdivision application by the Planning Board of the Town/Village of Harrison pursuant to the Town Law, the Code of the Town/Village of Harrison, the State Environmental Quality Review Act and the Freshwater Wetlands Law, and declared that their proposed subdivision Maps No. 2321, filed in 1921 and No. 3322, filed in 1928, do not represent or constitute a valid subdivision of the subject property, and that they are not entitled to develop the subject property until they have complied with all applicable legal requirements, including, but not limited to, the Town Law, the Code of the Town/Village of Harrison, the State Environmental Quality Review Act, the Freshwater Wetlands Law.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents/defendants Town/Village of Harrison, Planning Board of the Town/Village of Harrison, Robert W. Fitzsimmons, in his Official Capacity as the Building Inspector of the Town/Village of Harrison, the respondents/defendants Westchester Country Club and Harrison Rye Reality Corp., and the respondents/defendants Park Ridge Neighborhood Association, by Eric D. Witkin, President, and Polly Park Association, by Joel R. Marcus, Treasurer, appearing separately and filing separate briefs.

The petitioners/plaintiffs, Atlantic Development, LLC, Iliana Gardens, LLC, Collins Estates, LLC, and Sunshine Properties of Westchester, LLC (hereinafter collectively Atlantic), are the owners and developers of a 45-acre parcel of undeveloped land known as the Fairways Parcel, located in the Town/Village of Harrison (hereinafter the Town). In 2002, after having appeared before the respondent/defendant Planning Board of the Town/Village of Harrison (hereinafter the Planning Board) on several occasions over a two-year period seeking approval of a 25-lot subdivision of the Fairways Parcel, Atlantic discovered the existence of a 1928 map, designated as map No. 3322, and entitled "Westchester Biltmore Corporation Town of Harrison Westchester County NY Map of Consolidated Properties Revised and Amended" (hereinafter the 1928 Map), which was filed with the Westchester County Clerk in 1928. The 1928 Map, which purports to be an amendment to an earlier map filed in 1921, designated as map No. 2321, neither of which was ever actually approved by the Town Board of the Town/Village of Harrison (hereinafter the Town Board), for the first time depicted 45 lots on the Fairways Parcel. Upon discovery of the 1928 Map, Atlantic withdrew its 25-lot subdivision application that was pending before the Planning Board, and instead applied for tree removal and grading permits. Atlantic contended that it had the absolute right to develop the Fairways Parcel as shown on the 1928 Map, without the need for Planning Board approval under the Town Law and the Code of the Town/Village of Harrison (hereinafter the Town Code) and/or environmental review pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) or the Freshwater Wetlands Law (ECL art 24). The Planning Board denied the applications for the permits on the ground that the 1928 Map was not a valid subdivision map insofar as the Fairways Parcel was concerned. Atlantic commenced this proceeding and action seeking, inter alia, judicial authorization to develop the Fairways Parcel pursuant to the 1928 Map, under the authority of Town Law § 276 (2), without being subjected to review by the Planning Board

under the Town Law, the Town Code, SEQRA, or the Freshwater Wetlands Law. After granting several persons and entities leave to intervene as respondents/defendants, the Supreme Court granted cross motions by all of the respondents/defendants for summary judgment, in effect, declaring that Atlantic is not entitled to develop the Fairways Parcel in the absence of such review, agreeing with their contentions, inter alia, that the 1928 Map was not valid, and that Atlantic has no right to develop the Fairways Parcel until it complies with all applicable legal requirements, including, but not limited to, the Town Law, the Town Code, SEQRA, and the Freshwater Wetlands Law. We affirm.

Town Code former §§ 23 and 24, enacted in 1923 and still in effect in 1928, required the Town Board's approval for any proposed subdivision of real property, including that purportedly depicted in the subject 1928 Map. The 1928 Map never received Town Board approval and, therefore, was not a valid map, at least for purposes of subdividing the Fairways Parcel. Atlantic's contention that Town Board approval was not required pursuant to Real Property Law former § 334, in effect in 1928, is without merit. Town Law former § 142-a (19), enacted in 1923 and still in effect as of 1928, empowered towns like Harrison to regulate subdivisions. Further, as of 1928, nothing in Real Property Law former § 334 prevented the Town from enacting its own subdivision approval requirements (see e.g. Village of Lynbrook v Cadoo, 252 NY 308, 314 [1929]).

Additionally, there is no merit to Atlantic's contention that the 1928 Map was valid pursuant to the grandfathering provisions of Town Law § 276 (2) since it was filed with the County Clerk before the Town created the Planning Board, which thereafter was authorized to review applications for subdivision approval. Town Law § 276 (2) applies to subdivision plats that were filed prior to the appointment of a planning board empowered by a town board to approve such plats, provided that the parcel in question is more than 80% developed or improved (see Matter of Landquest, Inc. v Planning Bd. of Town of Hoosick, 148 AD2d 831 [1989]). Here, while the 1928 Map was filed prior to the creation of the Planning Board, the 1923 Town Code, as previously noted, required Town Board approval of any subdivision plat. As of 1928, the Town Board was, for the purposes of the current version of Town Law § 276 (2), also the functional equivalent of a planning board for the Town (see e.g. Matter of Russell Oaks, Inc. v Planning Bd. of Inc. Vil. of Russell Gardens, 28 AD2d 569 [1967], affd 21 NY2d 784 [1968]), and the 1928 Map was filed at a time when approval was

required by the functional equivalent of a planning board, that is, the Town Board. Further, the Fairways Parcel is not more than 80% developed or improved, but is effectively undeveloped and unimproved. Accordingly, the grandfathering provisions of Town Law § 276 (2) do not apply here (see e.g. *Matter of Landquest, Inc. v Planning Bd. of Town of Hoosick*, 148 AD2d at 832-833).

Atlantic's contention that it acquired vested rights to develop the Fairways Parcel pursuant to the 1928 Map is without merit because the 1928 Map is not a valid subdivision, at least insofar as the Fairways Parcel is concerned, and, to date, there has been virtually no development of the Fairways Parcel (see *Town of Orangetown v Magee*, 88 NY2d 41 [1996]; *Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888 [2009]).

Since the respondents/defendants established their prima facie entitlement to judgment as a matter of law in connection with the causes of action for declaratory relief, and Atlantic failed to raise a triable issue of fact in opposition, the Supreme Court correctly granted the respondents/defendants' respective cross motions for summary judgment, in effect, declaring that Atlantic is not entitled to develop the Fairways Parcel without further review of its subdivision maps and subdivision application by the Planning Board pursuant to the Town Law, the Town Code, SEQRA, and the Freshwater Wetlands Law, properly denied Atlantic's cross motion for summary judgment declaring that it is so entitled, and rendered the appropriate declaratory judgment (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Atlantic's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.