■ In the Matter of GENE BLACK et al., Respondents, v CLIFFORD F. SUMMERS, III, et al., Constituting the Town of Lake George Planning Board, Appellants, and LAKE GEORGE ASSOCIATION, Proposed Intervenor-Appellant.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered August 1, 1988 in Warren County, which denied proposed intervenor's application to intervene, and (2) from a judgment of said court, entered September 29, 1988 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul that part of a determination of the Town of Lake George Planning Board conditioning approval of site plan and subdivision applications on a prohibition of any development of certain property owned by petitioners.

Petitioners Gene Black and Elio Micheli own some 95 acres of lakefront property in the Town of Lake George, Warren County, and have contracted to sell this property except for a several-acre parcel known as "The Island", on which is a mansion and docking facilities used as a boat club. The purchasers intended to build 72 town houses and 19 single-family homes in a development to be known as Green Harbour and the contract to purchase the property was contingent upon appropriate governmental approvals. Accordingly, the purchasers submitted subdivision and site plan applications for the Green Harbour development to the Town of Lake George Planning Board. On May 5, 1987, after lengthy hearings and various judicial determinations, the Planning Board approved the development subject to various conditions, one of which provided that "[t]here shall be no further development or expansion of any kind on [The Island] property".

At the June 2, 1987 Planning Board meeting, petitioners appeared and requested a clarification of this condition because the purchasers' development plans did not affect The Island. The Planning Board voted to clarify the condition by prohibiting "further commercial development of any kind on [The Island] including expansion of docks and/or moorings". Proposed intervenor, Lake George Association (hereinafter LGA), and others commenced a CPLR article 78 proceeding against petitioners, the Planning Board and the purchasers alleging that the condition as adopted at the June 2, 1987 meeting should be stricken as having been adopted without the required notice. Supreme Court concluded that "the island was part of the project * * * and the Board was entitled to impose restrictions upon development on the island as a condition of approval of the application", but that the Plan-

ning Board's June 2, 1987 action regarding the condition was taken without proper notice. Thus, the court annulled the Planning Board's June 2, 1987 action but permitted a further request for clarification of the condition upon specified notice. No appeal was taken from the judgment entered thereon.

Petitioners made the appropriate request to the Planning Board and, after several adjournments, the Planning Board at its May 3, 1988 meeting voted to "reaffirm the conditions that the Board made on 5/5/87—that there be no further development or expansion of any kind on [The Island] property". The fourth and deciding vote was cast by respondent John Blanchfield, who was a relatively new Planning Board member and was initially not permitted to vote because he was not present during the previous proceedings. Petitioners then commenced this CPLR article 78 proceeding to annul the subject condition and LGA sought to intervene. Supreme Court denied intervention and, on the merits, granted the petition annulling the condition. From the resulting order and judgment, these appeals followed.

In a similar set of circumstances, we recently concluded that LGA had a real and substantial interest in the proceeding and should be permitted to intervene (*Matter of Clinton v Summers,* 144 AD2d 145, 147). We see no reason for a different result here, especially in light of petitioners' concession at oral argument to LGA's intervention. Accordingly, we reverse the order denying LGA's application to intervene.* We also reject any suggestion that petitioners are barred from challenging the subject condition by virtue of the prior proceeding in Supreme Court. In that case, the court held only that the Planning Board could impose reasonable conditions on The Island, an issue that cannot now be relitigated (*see, e.g., Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 266), and specifically afforded petitioners an opportunity to have the subject condition reconsidered. Under such circumstances, this challenge to the procedural and substantive foundation of the subject condition remains viable. There is also no merit to the claim that Blanchfield's vote at the May 3, 1988 meeting was improper. The Planning Board's decision is accorded a presumption of regularity that can be overcome only by a clear showing that there was no independent appraisal or

---

* Since LGA has not requested remittal and has argued the merits on this appeal, remittal for further participation by LGA is unwarranted and we shall address the merits giving due consideration to LGA's arguments as intervenor.

exercise of judgment *(see, Matter of Taub v Pirnie,* 3 NY2d 188, 194-195). There has been no such showing here.

Thus, the dispositive issue in this proceeding distills to whether the subject condition is "reasonably designed to mitigate any demonstrable defects" *(Matter of Clinton v Summers, supra,* at 147). Our review of the record, including the environmental impact statements for Green Harbour, reveals that there was substantial effort made to understand and ameliorate adverse consequences resulting from the Green Harbour development. As part of these efforts, the Planning Board was specifically advised that no development on The Island was contemplated and that various sewer and water links were to be made between The Island and Green Harbour. Apart from this, there is no explicit indication in the record that further development of The Island would be problematic or that any adverse effects from such development could not be satisfactorily overcome. In the absence of any such proof, we conclude that the subject condition is "not reasonably designed to mitigate any demonstrable defects" *(supra,* at 147). Accordingly, the judgment granting the petition and annulling the condition must be affirmed.

Order reversed, on the law, without costs, and application by Lake George Association for permission to intervene granted.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.