◼ In the Matter of GREGORY T. STENGEL, Appellant, v TOWN OF WOODSTOCK ZONING BOARD OF APPEALS, Respondent. —Mikoll, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 20, 1988 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an area variance.

In April 1986, petitioner acquired a complex known as the White Birch Motel (hereinafter complex) for $250,000. The complex consisted of 4.632 acres of land, a 15-unit motel building, a workshop and laundry room in a separate building, a swimming pool and pool house, a tennis court and a 48-car parking lot. The complex was located in the Town of Woodstock, Ulster County, and the acreage also included a 26-foot-by-40-foot recreation lodge.

The complex is located in a residential district with an authorized density of one family per two acres. The motel building was built in 1967 pursuant to a special use permit

authorizing the construction of an 18-unit motel. The code enforcement officer for Woodstock inspected the premises in June 1986 and found several violations. Thereafter, petitioner applied to respondent for and was unanimously granted a variance authorizing use of the 15-unit motel building as a multiple dwelling. In November 1987, petitioner again applied to respondent for an area variance, this time to convert the recreation lodge into a residential apartment. In support of this application petitioner informed respondent that (1) his insurance company advised him that the lodge could not be used by tenants for recreational purposes without full-time supervision which he found would be cost prohibitive, (2) no new construction would be required, (3) no new or increased parking area would be required, (4) a new septic system would be installed, and (5) without the proposed change his operating expenses exceeded income from the property. On February 11, 1988, after a public hearing, respondent, by a vote of 4 to 1, denied the variance. Members of respondent voiced doubts concerning both the figures submitted by petitioner and the claimed necessity for the conversion of the lodge. Petitioner then commenced this CPLR article 78 proceeding to annul the determination. Supreme Court dismissed the petition on the merits and this appeal ensued.

Supreme Court's decision should be affirmed. Petitioner failed to show that denial of the variance was illegal, arbitrary or an abuse of discretion. We reject petitioner's contention that Supreme Court incorrectly applied the standard of proof of practical difficulties rather than that of significant economic injury. We also reject his claim that respondent's denial was in error based on his contention that he met the latter test of significant economic injury.

A zoning board determination must be sustained if it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Cowan v Kern, 41 NY2d 591, 599). The application for the grant of an area variance must demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314). Additionally, an applicant must demonstrate that he cannot use the property without coming into conflict with the zoning ordinance (Matter of Fuhst v Foley, supra). Factors to be considered when determining an application for an area variance are (1) how substantial is the variance in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether

the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the problem arose, the interest of justice will be served by allowing the variance *(see, Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748, 749). Consideration also must be given as to whether strict application of the ordinance will serve a valid public purpose which outweighs the injury to the property affected *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108).

The variance sought here is insubstantial and will not change the character of the neighborhood. However, concerning the third factor mentioned above, that of alternate uses, the record contains insufficient proof that no reasonable alternative to the variance existed. There is an absence of proof of alternative uses to which the lodge may be put. The proof offered concerning the expenses involved in the use of the lodge was conclusory and without specific facts or figures to support its conclusion. Petitioner also failed to offer proof that other existing alternatives were unreasonable.

In regard to the fourth factor, that is whether justice would be served if the variance was granted, petitioner should have considered the financial returns on the property at the time he purchased the property. Courts should not be placed in the position of having to guarantee the investments of careless land buyers *(Matter of Barby Land Corp. v Ziegner,* 65 AD2d 793, 794, *affd* 49 NY2d 729). Although self-created hardship alone cannot justify denial of an application, it is a factor to be considered *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 442; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra).*

Based on the financial data submitted, petitioner has failed to establish either that he is entitled to an area variance as a matter of right *(see, Matter of Fulling v Palumbo,* 21 NY2d 30, 33) or that the ordinance is confiscatory *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, 272, *affd* 60 NY2d 492). Petitioner failed to differentiate in his financial statement between annual expenses and one-time capital costs in calculating the net operating loss. Nor did petitioner sufficiently demonstrate that the lodge, as presently zoned, will not yield a reasonable return. Proof that the lodge may be used more profitably does not adequately demonstrate significant economic injury to warrant the grant of an area variance *(see, Matter of Orchard Michael, Inc. v Falcon,* 110 AD2d 1048, *affd* 65 NY2d 1007; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.