■ In the Matter of RALPH E. JOHANSEN et al., Appellants, v PATRICIA OCHSIE et al., Constituting the Zoning Board of Appeals of the Town of Horicon, Respondents.—Casey, J. P.

Petitioners own a 4.79-acre parcel of land which is improved by a single-family cottage. The land is located in the Town of Horicon, Warren County, in a residential zoning district which has a 3.2-acre minimum lot size. In June 1988 petitioners applied for an area variance, seeking permission to subdivide the parcel into two lots, one of approximately 3.2 vacant acres and the other of approximately 1.6 acres with the cottage. In response to a request on the application form for a statement of the practical difficulty upon which their request for an area variance was based, petitioners state, "Financial Hardship. Retired couple with limited funds and high medical bills." Following hearings, the Town Zoning Board of Appeals (here-

inafter Board) denied the application, finding, *inter alia,* that petitioners had "failed to show evidence to support the financial hardship claimed". Petitioners commenced this CPLR article 78 proceeding to review the Board's determination, and they now appeal from the judgment which dismissed their petition. We affirm.

Petitioners contend that the use of the term "financial hardship" in the determination establishes that the Board confused the "practical difficulty" standard for an area variance with the stricter use variance standard which requires a demonstration of "unnecessary hardship" *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606). Petitioners extend this argument to Supreme Court's decision, contending that in rejecting their argument Supreme Court perpetuated the confusion. We find no evidence in the record of any confusion, at least on the part of the Board or Supreme Court. The town's zoning ordinance and the Board's variance application form clearly distinguish an area variance from a use variance, specifically stating the appropriate standard for each type of variance. Petitioners themselves used the term "financial hardship" to describe the claimed practical difficulty upon which their application for an area variance was based, and the courts have recognized that financial hardship is a factor that may be considered in determining whether strict compliance with the zoning ordinance will result in practical difficulties *(e.g., Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314-315). There is simply no rational process by which the Board's finding of a lack of evidence to support the financial hardship claimed by petitioners can be construed as an application of the stricter "unnecessary hardship" standard.

On appeal, petitioners also contend that significant financial injury requiring an area variance is established when the applicant shows that vacant unused land is a financial burden to an elderly owner, that strict application of the ordinance prevents its being subdivided into conforming lots and that the value of the property subdivided is in "multiples" of present value. In *Conley v Town of Brookhaven Zoning Bd. of Appeals (supra),* cited by petitioners, the Court of Appeals upheld an administrative determination which granted an area variance upon facts similar to those referred to by petitioners on appeal here. In so doing, however, the court explained: "After a review of the record, we find that there are facts from which the board could conclude that a variance should be granted * * *. Although a contrary conclusion

might also be drawn, especially as to financial hardship, the function of the courts in this area is limited. We may not substitute our judgment for that of the local zoning board" *(supra,* at 316).

Accordingly, we are of the view that even if petitioners had established the facts which they claim in their brief, the Board could deny the variance and we would not substitute our judgment for that of the Board. In any event, there is no evidence in the record that petitioners' ownership of a 4.79-acre parcel in an area zoned for 3.2-acre minimum lots created a financial burden. Petitioners refer to the applicant as an elderly owner, but in fact there are three petitioners, an elderly couple and their son, who own the property jointly. The evidence submitted by petitioners consisted of a real estate appraisal showing that the 4.79-acre parcel had a value of $172,000, but the value would be $220,000 if it could be subdivided as proposed by petitioners. Petitioners also submitted evidence that if the subdivision is allowed, they have a buyer willing to pay $55,000 for the 3.2-acre parcel. The fact that the property is worth more with an area variance which would permit subdivision does not establish that the Board's denial of the area variance was arbitrary and capricious *(see, Matter of Paniccia v Volker,* 133 AD2d 404, 406; *see also, Matter of Graziano v Scalafani,* 143 AD2d 664, 666). Petitioners' reliance on *Matter of Carlozzi v Barlow* (120 AD2d 20) is misplaced, for the applicant therein demonstrated that strict application of minimum lot size and frontage requirements would prevent him from leasing his property to the United States Postal Service for use as a post office, a use permitted under the zoning ordinance.

We have considered petitioners' other arguments and find them to be without merit. Supreme Court's judgment dismissing the petition should be affirmed.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.