■ In the Matter of JACQUELYN V. NASH et al., Respondents, v JULIE DENISON, as Chairperson of the Board of Zoning Appeals of the City of Albany, et al., Appellants.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Keniry, J.), entered November 27, 1990 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Zoning Appeals of the City of Albany denying a request by petitioner TNT Construction for an area variance.

The issue posed on this appeal is whether Supreme Court properly annulled the determination of respondent Board of Zoning Appeals of the City of Albany (hereinafter the Board) denying petitioner TNT Construction's application for an area variance on the ground that it was arbitrary and capricious. In our view Supreme Court erred in annulling the determination and, therefore, its judgment should be reversed and the petition dismissed.

Petitioner Jacquelyn V. Nash owns a two-story single residence located at 17 North Allen Street in the City of Albany. Nash purchased the property for $20,000 in 1978 and resided therein until her recent marriage. Thereafter, she rented it to a member of the family at $320 a month. The second floor is unimproved and unused. The residence is in disrepair and, according to petitioners, in need of repairs and improvements to the roof, front porch, electric service, driveway and (new) stairs to the second floor, all estimated to cost a total of $25,000. There is no mortgage on the property, although Nash claims to have expended $15,000 to make the first floor livable.

Nash's residence is in an R-2 zone which requires a 40-foot frontage; Nash's frontage is only 35 feet. When TNT applied for a building permit to convert Nash's residence into a two-family house, which is also allowed in an R-2 zone, the permit was denied because her lot lacked the required frontage. TNT thereafter applied for a variance so that it could then get a permit to convert Nash's residence.

At a hearing before the Board, Nash said that she wanted to convert the property to a multiple dwelling because she could not obtain enough income from rental of the single unit to maintain the house and keep up the property. At a subsequent hearing, Nash's attorney claimed that a construction

loan of $25,000 for 15 years' duration would require monthly payments in excess of the $320 monthly rental, creating a deficit of $150 per month. He claimed that the only way Nash could afford to pay for the improvements is with a second unit.

Although the Board denied the initial application for a variance on April 12, 1989, this determination was annulled and the matter was remitted to the Board *(Matter of Nash v Dolan,* Sup Ct, Albany County, Mar. 23, 1990, Connor, J.). Supreme Court held that the Board wrongly applied the standard for a use variance in denying Nash's application and it directed the Board to reconsider the application based on the lesser standard for awarding an area variance. The Board reconsidered the application and again denied it on June 14, 1990.

Petitioners then commenced the instant CPLR article 78 proceeding to annul the latter determination denying the application. Supreme Court found that petitioners established that strict compliance with the zoning law would cause a practical difficulty and held that the Board's determination was arbitrary and capricious. Supreme Court granted the petition, annulled the determination and directed issuance of the appropriate building permit upon compliance with the City's requirements. This appeal by respondents ensued.

Local zoning boards are vested with a great deal of discretion in considering applications for variances *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). The duty of a court is to review zoning determinations, not make them *(Matter of Cowan v Kern,* 41 NY2d 591, 597). To obtain an area variance the property owner must show that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 314). That is, "in general, [a] petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1] [4th ed]).

In our view the Board's finding that the repair items submitted by Nash were normal and incidental to the upkeep and maintenance of the property is reasonable in the circumstances presented. The improvements are long-term capital improvements, the cost of which should be spread over a period of years. Here, Nash bought the property when it was

in disrepair and had to know improvements were or would be needed. The economic hardship argument is much diminished by the Board's finding. Use of the property as a single family unit has not been shown to be prohibitive. Thus, Nash has failed to establish that she sustained practical difficulty or significant economic injury. Absent such proof, the Board was not required to go forward and explain why the public health and welfare requires adherence to the zoning standard *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596-597, *supra).*

Further, in view of the owner's neglect of the property over a period of years, the practical difficulty could be reasonably found to be self-created *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 442; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 315). That the property could be utilized more profitably after an area variance was granted is ordinarily not sufficient to justify the issuance of a variance *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702). Accordingly, the Board's determination has a rational basis and is supported by substantial evidence.

Finally, respondents indicate that prior to the submission date of this matter to Supreme Court the City's zoning ordinance was amended to define the conversion of a single-family dwelling in an R-2 zone to a two-family dwelling as a special use *(see,* City of Albany Zoning Ordinance § 27-83, as amended). The conversion is "permitted on zone lots of not less than the minimum required for the district where situated" *(ibid).*

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.