■ In the Matter of GARY T. DOYLE, Appellant, v RONALD AMSTER et al., Constituting the Clarkstown Zoning Board of Appeals, Respondents.—Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Carey, J.), entered August 27, 1990 in Rockland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Town of Clarkstown Zoning Board of Appeals denying petitioner's request for, inter alia, an area variance.

Contrary to petitioner's contention, the denial of his application for an area variance by the Town of Clarkstown Zoning Board of Appeals was not illegal, arbitrary or an abuse of discretion (see, Barrett v Rose, 152 AD2d 525). The property in question contained two houses on a single lot which, under

current zoning laws, was large enough for only one house. Petitioner sought a variance so that he could divide the property into two lots and sell the two houses separately. The record before us supports the conclusion that petitioner failed to demonstrate either practical difficulty or significant economic hardship entitling him to the requested variance *(see, Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689). As to the question of practical difficulty, it should be noted that the variance sought was substantial. Furthermore, he purchased the property with the homes already constructed and with the zoning laws already in effect. Finally, both buildings were being rented and petitioner failed to show that he was being deprived of a reasonable rate of return on the land *(see, supra; Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854). On the question of economic hardship, we note that a denial of an area variance is not arbitrary or capricious just because the property is worth more with an area variance than without one *(see, Matter of Johansen v Ochsie,* 158 AD2d 886).

Mahoney, P. J., Weiss, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.