■ GERALD CLUTE et al., Appellants, v TOWN OF WILTON ZONING BOARD OF APPEALS et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered October 10, 1990 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Wilton Zoning Board of Appeals granting an area variance to Alfred Arnold and Debra Arnold.

Alfred Arnold and Debra Arnold own two adjacent parcels of land in the Town of Wilton, Saratoga County. While the Arnolds maintain a private residence on one of the parcels, they planned to subdivide the second parcel (which consisted of 1.41 acres or 61,420 square feet) into two substandard lots. On one of these proposed substandard lots (containing 40,569 square feet of land) the Arnolds built a new single-family home which they planned to sell to third parties. The Arnolds planned to add the second proposed substandard lot (containing approximately 21,000 square feet of land) to the back of the parcel their private residence was located on in order to make one big parcel of land for the enjoyment of themselves and their children. Following the building of the new single-family home, however, the Arnolds were denied a certificate of occupancy for that building by respondent Town Building Inspector on the basis of the Arnolds' failure to comply with the area regulations of the Town Zoning Ordinance. The Arnolds then filed an appeal from this denial to respondent Town Zoning Board of Appeals (hereinafter the Board). As part of their appeal they also sought front and side yard setback variances, a frontage variance and a lot size variance. Apparently not only were the proposed substandard lot parcels (separately and together) less than the minimum permitted lot size for the area, but they had also built the new residence on the proposed 40,569 square feet lot too close to the front and side of the lot in violation of zoning regulations. These regulations stated that the minimum frontage for the lot had to be 250 feet, the front setback had to be 50 feet and the side setback had to be at least 40 feet. However, the frontage for the Arnolds' improved lot was only 162 feet, the front setback was 24.6 feet and the side setback was 24.4 feet.

Two hearings were held before the Board, at which many of the Arnolds' neighbors vehemently objected to the variance requests. The Arnolds eventually did agree to abandon their plans to retain an easement over the improved part of the lot which would have even further restricted the future owners rights. They also agreed to construct a berm along petitioners' property line to prevent water runoff apparently resulting from the proximity of the new house to petitioners' property. Ultimately, the Arnolds' applications were granted without opinion and the certificate of occupancy was issued. Thereafter, petitioners, owners of the property adjoining on the east the parcel containing the newly constructed residence, commenced this CPLR article 78 proceeding to challenge the Board's determination. Petitioners argued that, as residents

and homeowners, allowing the variances would cause them to "suffer diminished enjoyment of the use of their property, as well as financial loss upon resale of their home". Supreme Court upheld the granting of the area variances but remitted the matter for a further hearing on the issue of whether the Board should have conditioned the grant of these variances on the Arnolds building a fence or other buffer to afford petitioners some privacy. Petitioners now appeal that portion of Supreme Court's decision that upheld the granting of the area variances.

We reverse. In order to obtain an area variance a land owner must show that strict compliance with the zoning ordinance will result in practical difficulties *(Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals,* 172 AD2d 940; *Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689, 690).* "Practical difficulties" generally means that the property owner cannot use his land " 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1], at 38-44 [4th ed]).* Merely being inconvenienced by a zoning restriction is not sufficient *(see, Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals, supra).* Among the factors to be looked at in deciding an area variance application are: "(1) how substantial is the variance in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the problem arose, the interest of justice will be served by allowing the variance" *(Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854, 855-856 [citation omitted]).* Aside from the issue of whether the problem was self-created, it has been recognized that financial hardship is another factor that can be looked into *(see, Matter of Johansen v Ochsie,* 158 AD2d 886, 887).

Here, even given the great deference to be accorded the decisions of local zoning boards *(see, Matter of Nash v Denison,* 175 AD2d 436, 437-438)* and the difficulties brought about by the fact that the Board gave no written justification for its decision, we must conclude from the sparse record before the Board that its decision to grant the variances was wholly irrational. Not only does it not appear that the Board even seriously considered the above-mentioned factors, there was absolutely no evidence offered by the Arnolds to the effect that

complying with the zoning ordinance would cause them any practical difficulties.

It appears from respondents' zoning regulations that the Arnolds' 61,420 square-foot parcel was already less than the required 80,000 square feet even before the Arnolds decided to section off approximately 21,000 square feet to add on to their own lot. While given this state of affairs it would seem rational to allow a variance so that the 61,420 square-foot lot could be utilized for a single family, it would seem to add insult to injury to allow the improved lot to be reduced further unless there was a sufficiently compelling reason. However, the Arnolds' justification for this request was that their children were used to playing on this land and needed it to ride their bicycles. Regarding the frontage and side setback problem, it is significant that there is no evidence in the record explaining why alternatives such as simply moving the house to the appropriate setback locations would cause the Arnolds practical difficulties or hardship *(see, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals, supra,* at 856). This (or other possibilities) deserved at least to be explored considering the obvious detriment to the Arnolds' neighbors from having a home so closely located to theirs that a question of fences or barriers has to be pursued in order to afford them some privacy. Notably, there was no evidence presented as to how much the Arnolds originally paid for the parcel or how much it cost them to build the new home.

The Arnolds' predicament incites even less sympathy when the evidence of self-created hardship is also taken into account. Alfred Arnold explained at the hearing that the mistakes in building the home were made because (1) he followed the specifications for an R-1 zoning district without realizing he lived in an R-2 district, and (2) he mistakenly measured the front setback from the center of the road instead of from the property line. As for the issue of economic hardship, we disagree with respondents that reasonable evidence of this fact was submitted to them. Because the issue was not even discussed at the hearing, respondents rely on an unsworn letter sent to them from Debra Arnold in which she states only that the delay in issuing the certificate of occupancy was causing her family "financial hardship" because they had found a buyer for the home. She states that "[i]t is very important to us not to lose the contract as it is difficult finding people to live near the prison. All of the extra expenses we've had to endure are taking away any profit to be made." While respondents argue this letter demonstrates financial hardship,

it in fact only demonstrates that the lack of a variance is simply detracting from a profit to be made. The fact that a property could be utilized more profitably with an area variance than without is ordinarily not a sufficient justification for the granting of a variance *(see, Matter of Nash v Denison, supra,* at 438).

In sum, the lack of appropriate evidence of practical difficulty convinces us that respondents' decision granting the variances was arbitrary, capricious and unsupported by the evidence. Accordingly, Supreme Court failed in annulling the determination.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.