■ In the Matter of BURTON B. BROUS et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF SOUTHAMPTON, Appellant, and A. ALFRED TAUBMAN, Intervenor-Appellant. [594 NYS2d 816] —In related proceedings pursuant to CPLR article 78 to review (1) a determination of the Zoning Board of Appeals of the Village of Southampton dated February 23, 1989, which denied the petitioners' application for an area variance, and (2) a declaration of the Planning Board of the Village of Southampton dated July 10, 1989, which conditionally approved the petitioners' subdivision proposal on condition, inter alia, that no second-story addition be made to an existing house, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Copertino, J.), entered August 30, 1990, which annulled the determination, dated February 23, 1989, and directed the Zoning Board to grant the petitioners' vari-

ance application, and (2) a judgment of the same court, also entered August 30, 1990, which annulled the aforesaid condition placed upon the declaration dated July 10, 1989, and directed the Planning Board to modify the condition to permit the construction of the proposed second-story addition.

Ordered that the judgments are affirmed, without costs or disbursements.

The petitioners own a 9.9-acre oceanfront parcel improved with, *inter alia,* a main house, a carriage house, and a one-story beach house, which they propose to subdivide into three lots, each lot containing one of the aforesaid structures. Simultaneously, the petitioners also applied for a variance from the 100-foot dune setback requirement set forth in the Southampton Village Zoning Code *(see,* Southampton Village Zoning Code § 116-8 [D] [1]) so as to construct a second story upon the beach house which was to become the principal residential dwelling on Lot 3. The record shows that the subject beach house is only 13 feet from the topographic line which has been designated as the crest of the ocean dunes. By decision dated February 23, 1989, the Zoning Board denied the petitioners' application for the area variance. Thereafter, the Village Planning Board approved the proposed subdivision but conditioned its approval upon, *inter alia,* a complete prohibition on the expansion of the beach house in its present location.

The petitioners thereupon commenced the instant proceedings and, by judgment entered August 30, 1990, the Supreme Court, Suffolk County (Copertino, J.), annulled the determination of the Zoning Board and directed that the petitioners' variance be granted. In a second judgment dated August 30, 1990, the court annulled the condition prohibiting expansion of the beach house.

It is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is constrained to determining whether the action taken by the board is illegal, arbitrary and capricious, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Bienstock v Zoning Bd. of Appeals,* 187 AD2d 578). In challenging a zoning board's determination, it is incumbent upon the applicant for an area variance to demonstrate that " 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Fuhst v Foley, supra,* at 445, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314); that is, the "petitioner must show that as a practical matter he [or she] cannot utilize his property or a

structure located thereon 'without coming into conflict with certain of the restrictions of the zoning ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting 3 Rathkopf, Law of Zoning and Planning, ch 45, § 1 [4th ed]).

The petitioners have demonstrated that the Zoning Board's strict application of the dune setback requirement will result in the sufferance of practical difficulties. As a practical matter, the beach house cannot now be utilized as the principal residential dwelling on Lot 3. Not only is the floor area of the beach house substantially smaller than that which is required by the Village Zoning Code, but, also, the bedrooms are substandard and the kitchen and bath facilities are in the cellar. Thus, as a matter of practicality, in order to be utilized as a principal residence, the beach house must be enlarged. Moreover, the $75,000 cost of relocating the beach house, which is the petitioners' only alternative, effectively exacerbates this practical difficulty.

Once the petitioners demonstrated the existence of practical difficulties as a result of the strict application of the dune setback requirement, the burden shifted to the Zoning Board to establish that the public health, safety and welfare would be served by upholding the denial of the variance *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 443). This the Zoning Board failed to do. Here, the record is devoid of evidence establishing that the proposed second-story addition would be injurious to the subject dunes. In fact, the petitioners presented the report of an environmental consultant whose analysis, which went unimpeached, concluded that the proposed expansion would have *no measurable impact* upon the dunes.

We also affirm the Supreme Court's annulment of the condition placed by the Village Planning Board in its approval of the petitioners' subdivision proposal. We find that the subject condition, which constituted a blanket prohibition on the expansion of the beach house in its present location, is unreasonable since it fails to seek to ameliorate any demonstrable adverse effects attributable to the petitioners' proposed use of the land *(see, Matter of St. Onge v Donovan,* 71 NY2d 507, 516-517; *Matter of Black v Summers,* 151 AD2d 863, 864-865). Moreover, given the clear import of its deliberations at the public hearing on July 10, 1989, we find that the Planning Board's conditional approval of the petitioners' proposed subdivision was intended to reinforce the Zoning Board's prior determination and, thus, evidenced a lack of independent judgment *(see, Matter of Black v Summers, supra; see also,*

*Matter of Taub v Pirnie,* 3 NY2d 188, 194-195). Accordingly, the Supreme Court properly annulled the third condition placed upon the Planning Board's approval of the subdivision proposal and directed the Board to modify the condition and adopt, in its stead, a condition recommended by the Suffolk County Planning Commission, which would allow for the construction of a second story to the beach house. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.