■ In the Matter of MARGARET C. CUNNINGHAM et al., Respondents, v JEAN KERST, as Chair of the Town of Indian Lake Zoning Board of Appeals, et al., Appellants. [610 NYS2d 337] —Weiss, J. Appeal from a judgment of the Supreme Court (White, J.), entered July 14, 1992 in Hamilton County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town of Indian Lake Zoning Board of Appeals granting certain respondents an area variance.

After an area variance had been granted to respondents John Starling and Wendy Starling by respondent Town of Indian Lake Zoning Board of Appeals (hereinafter the Board) on October 13, 1989, permitting construction of a boathouse on their property on Blue Mountain Lake in Hamilton County with dimensions exceeding the size limitations in the Town Zoning Ordinance, Supreme Court annulled the determination for the failure of the Board to have prepared an environmental impact statement. During the pendency of the foregoing proceeding, the Starlings made inquiry of, and on September 19, 1989 were advised by, Vaun Lanphear of the Town Planning Board that the Zoning Ordinance did not cover a floating boathouse. They thereafter initiated construction of a structure the size of which exceeded the limitations for boathouses in the Zoning Ordinance. The Starlings applied for, and on March 27, 1991 following public hearings were granted, an area variance for the oversize floating boathouse. Petitioners, who own property abutting the shore of Blue Mountain Lake, commenced this CPLR article 78 proceeding seeking review of the Board's determination. After denial of a motion made by the Starlings, as intervenors, to dismiss the petition, Supreme Court annulled the Board's determination. Both the Board and the Starlings have appealed from the judgment entered.

The decision in *Matter of Fuhst v Foley* (45 NY2d 441) reiterated the well-established rule which limits the judicial function in the review of zoning board determinations. Succinctly stated, a determination will not be set aside unless there is a showing of its illegality, arbitrariness or an abuse of discretion by the administrative body *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Conversely, the determination will be sustained if it has a rational basis and is supported by substantial evidence *(Matter of Cowan v Kern,* 41 NY2d 591, 599; *McGowan v Cohalan,* 41 NY2d 434, 448). The rule has been followed assiduously to this very time *(see, e.g., Matter of Haas Hill Prop. Owners' Assn. v Zoning Bd. of Appeals,* 202 AD2d 895).

In order to obtain the area variance, the Starlings had to show that strict compliance with the ordinance would result in practical difficulties in the use of their property *(see, Matter of Brous v Planning Bd.,* 191 AD2d 553, 555; *Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals,* 172 AD2d 940), which essentially means that the property owner cannot use his land " ' "without coming into conflict with certain of the restrictions of the [zoning] ordinance" ' " *(Clute v Town of Wilton Zoning Bd. of Appeals,* 177 AD2d 925, 927, quoting *Matter of Fuhst v Foley, supra,* at 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1], at 38-44 [4th ed]; *see, Matter of Fuhst v Foley, supra,* at 445). Mere inconvenience is insufficient *(Matter of Sbuttoni v Town of E. Greenbush Zoning Bd. of Appeals, supra).* This Court has held that "[a]mong the factors to be looked at in deciding an area variance application are: '(1) how substantial is the variance in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the problem arose, the interest of justice will be served by allowing the variance' " *(Clute v Town of Wilton Zoning Bd. of Appeals, supra,* at 927, quoting *Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854, 855-856).

These principles before us, we turn to the specific facts in this case. The Town Zoning Ordinance allows each waterfront lot one boathouse of a size no greater than a height of 14 feet, a width of 16 feet and a length of 24 feet (Town of Indian Lake Zoning Ordinance, art 7, § 0.2.6F). The Starlings' floating boathouse, which was anchored as a boat dock and for which the area variance was granted, had dimensions of 30 feet by

30 feet by 15½ feet. The record confirms the fact that the Starlings built the boathouse after receipt of advice from the Chair of the Town Planning Board that the Zoning Ordinance did not cover a floating boathouse. Their proof showed that without the variance, they would incur costs of $550 annually to maintain their two boats in an open slip and from $10,000 to $12,000 annually for refinishing their wooden boat if kept outside. In addition, they demonstrated that their structure met general standards for boathouses. Finally, they contended that several other area variances for oversize boathouses had been granted, all without a showing of material detriment to or overuse of the lake.

The judgment annulling the determination was grounded upon the following findings by Supreme Court: that the Starlings' land lacked unique characteristics which hinder its practical utilization, that their need for an enlarged boathouse to house two boats was a personal objective, and that the increased costs described were personal and not focused upon the loss in value of their property. Supreme Court then held that the determination was not supported by substantial evidence and that the cross claims by the Starlings attacking the validity of the Zoning Ordinance were meritless.

We again acknowledge our limitations; we may not interfere with decisions of zoning boards which enjoy a rational basis and are supported by substantial evidence in the record *(Matter of Doyle v Amster,* 79 NY2d 592, 596). While the term "specified practical difficulty" is not clearly defined by the Zoning Ordinance in this case, the inability of an owner to use his or her property without violating a zoning ordinance has been held sufficient to constitute a practical difficulty *(supra,* at 595). In addition, the Starlings demonstrated that strict compliance would result in significant recurring additional costs. Having made this showing, the burden shifted to the Board to establish that the public health, safety and welfare would be served by denial of the area variance *(Matter of Brous v Planning Bd.,* 191 AD2d 553, 555, *supra; see, Matter of National Merritt v Weist,* 41 NY2d 438, 441). The Board failed to make this showing. Nor is the argument that the Starlings' hardship was self created sufficient to defeat the issuance of the variance *(see, Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals,* 67 NY2d 702, 705).

In sum, we find that the Board's determination to grant the area variance was both rational and supported by substantial evidence. Accordingly, it should not have been annulled.

Cardona, P. J., Mikoll and Peters, JJ., concur. Ordered that

the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.