■ In the Matter of CHARLES GERSTEN, Appellant, v JOHN T. CULLEN et al., Constituting the Zoning Board of Appeals for the Town of Glenville, et al., Respondents. [610 NYS2d 675] — Cardona, P. J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered March 10, 1993 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of the

Zoning Board of Appeals for the Town of Glenville granting various respondents an area variance and a modified conditional use permit.

Respondent Mayfair Associates (hereinafter Mayfair) is the owner of the Mayfair Plaza Shopping Center (hereinafter the Center) in the Town of Glenville, Schenectady County. Mayfair applied to the Town's Zoning Board of Appeals (hereinafter the Board) for an area variance and a conditional use permit to demolish and reconstruct the rear portion of a vacant grocery store building by expanding the store's size from 47,500 to 52,000 square feet. The 4,500 square foot increase in retail space was required to accommodate the minimum needs of a new tenant, Hannaford Brothers Company, to operate a Shop 'n Save supermarket.

The Town's Zoning Ordinance requires that structures be erected at least 75 feet from the rear property line. An area variance was necessary because the proposed expansion would put the building within 72 feet of the rear property line and a loading dock within 42 feet from the rear property line. A conditional use permit was necessary because of the overall increase in the Center's size.

In June 1992, following public hearings and after receiving the recommendation of the Town's Planning and Zoning Commission (hereinafter the Commission) to approve the conditional use permit, the Board granted the area variance and the modified conditional use permit. Petitioner, the owner of a nearby shopping center who had opposed the applications, commenced this CPLR article 78 proceeding challenging the Board's determinations. Supreme Court dismissed the petition. Petitioner appeals.

Petitioner first contends that the Board's determination granting the area variance was not supported by substantial evidence. We disagree. In order to obtain an area variance, Mayfair was required to demonstrate that its "strict compliance with the zoning ordinance [would] result in practical difficulties" (see, Clute v Town of Wilton Zoning Bd. of Appeals, 177 AD2d 925, 927). " 'Practical difficulties' generally means that the property owner cannot use his land ' "without coming into conflict with certain of the restrictions of the [zoning] ordinance" ' " (supra, quoting Matter of Fuhst v Foley, 45 NY2d 441, 445, quoting 3 Rathkopf, Law of Zoning and Planning § 38.04 [1], at 38-44 [4th ed]). The factors to be considered when determining an area variance application are "(1) how substantial is the variance in relation to the require-

ment, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the problem arose, the interest of justice will be served by allowing the variance" *(Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854, 855-856).

Evidence in the record supports the Board's determination granting the area variance. First, the variance is insubstantial in relation to the Zoning Ordinance. The variation from the main building line is approximately 3 feet (72 feet versus 75 feet). Although the loading dock is only about 42 feet from the rear property line, it covers a relatively small area at the back of the building. Furthermore, we do not find persuasive petitioner's argument that the variance becomes substantial when the other alleged "non-conforming uses already existing at the property" are factored in. Neither the Zoning Ordinance nor Town Law § 267-b (3) (b) require consideration of other nonconforming structures in determining an area variance application.

Second, the variance will not result in a change in the character of the neighborhood. The land uses in the immediate area of the Center are commercial and retail in nature and the retail space was previously occupied by a grocery store. Moreover, the Commission issued a negative declaration of significant impact on the environment for the project.

Third, Mayfair established that expansion of the retail space on either side or the front of the building was not feasible. Existing lease agreements restricted expansion on either side. Front expansion would eliminate 50 prime parking spaces and disrupt vehicular and pedestrian access.

Fourth, Mayfair established that the interest of justice would be served by allowing the variance. At the time of the public hearings, the retail space, which consisted of 50% of the entire Center, had been vacant for a year and Mayfair had been unable to find interested parties to rent this large space, except for Hannaford. Because an anchor store was needed to draw shoppers to the Center, the continued vacancy would create an economic hardship.[1] Thus, the practical utilization of the retail space was as an anchor store, especially inasmuch

---

1. Contrary to petitioner's assertions, Mayfair was not required to submit "dollars and cents" proof of economic hardship because that requirement only applies to an application for a use variance *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257).

as the Center is located in a "B-2" commercial zoning district whose purpose is to "accommodate the needs of a larger consumer population" (Zoning Ordinance § 5.6.1). Therefore, the Board considered all the requisite factors in ascertaining whether practical difficulties existed warranting the area variance (see, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals, 155 AD2d 854, 855-856, supra).[2]

Finally, we find no merit in petitioner's remaining argument that the Board's determination granting Mayfair's application for a conditional use permit lacked substantial evidence because it ignored the injurious effect the permit would have upon petitioner's existing easement over the subject property. Petitioner's sole remedy for an alleged violation of the easement is a private action against Mayfair and not the denial of a use allowed by the Zoning Ordinance (see, Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392).

Based upon the foregoing analysis, we find the Board's determinations granting Mayfair's applications for an area variance and a conditional use permit to be supported by substantial evidence and, accordingly, affirm Supreme Court's judgment dismissing the petition.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.

2. We reject petitioner's suggestion that our use of the phrase "alternative uses" in Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals (supra, at 856) should be interpreted as requiring the Board to consider changing an otherwise permitted use of the land as a prerequisite to obtaining an area variance. Such a requirement is incongruous, because relaxation of an area restriction has always been regarded as a less stringent alternative for a landowner to pursue than a use variance (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257, supra). The Board need only consider "whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance" (Town Law § 267-b [3] [b] [2]).