[611 NYS2d 710]

## In the Matter of GERALD CLUTE et al., Appellants, v TOWN OF WILTON ZONING BOARD OF APPEALS et al., Respondents.

Third Department, May 12, 1994

## APPEARANCES OF COUNSEL

*Edward Lindner,* Saratoga Springs, for appellants.

*Jerry J. Scarano, Jr., Town Attorney* of Town of Wilton, Saratoga Springs, for respondents.

## OPINION OF THE COURT

CASEY, J.

Alfred Arnold and Debra Arnold built a single-family residence on a parcel of property in the Town of Wilton, Saratoga County. The lot on which the residence was built did not meet the minimum lot size or the minimum road frontage required by the Town Zoning Ordinance, and the structure violated the front and sideyard setbacks required by the ordinance. When they were denied a certificate of occupancy, the Arnolds sought an area variance for lot size, frontage and the setbacks. After hearings on the matter, respondent Town Zoning Board of Appeals granted the variance. Petitioners, whose property adjoins the lot in question, commenced a CPLR article 78 proceeding to challenge the Board's determination. Supreme Court dismissed the petition, but on appeal this Court annulled the determination after concluding that the Board failed to consider the factors relevant to an area variance

*(Clute v Town of Wilton Zoning Bd. of Appeals,* 177 AD2d 925).

In the meantime, the Town had issued a certificate of occupancy to the Arnolds, and the Arnolds had sold the property to Bill Gagnon and Catherine Gagnon. After this Court annulled the Board's determination which granted the Arnolds' application for a variance, the Gagnons applied to the Board for a variance, seeking the same relief the Arnolds had sought. The Gagnons presented evidence to show that strict compliance with the Zoning Ordinance would result in practical difficulties, and the Board unanimously determined that the area variance should be granted. Petitioners then commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the proceeding, resulting in this appeal by petitioners.

■ Petitioners contend that, pursuant to the doctrine of res judicata, the Gagnons were barred from applying for a variance by this Court's prior decision to annul the Board's determination which granted a variance to the Arnolds. We disagree. In the context of claim preclusion, res judicata involves the question of whether a party's present claim, as distinguished from discrete issues previously litigated, has been extinguished by a final adjudication in a prior proceeding between the parties or those in privity with them *(see, Matter of Reilly v Reid,* 45 NY2d 24, 27). The claim raised by the Gagnons in their application for a variance concerns their entitlement to an area variance. In the circumstances of this case, there has been no final adjudication of that claim, even assuming that the Arnolds and the Gagnons are in privity for res judicata purposes.

Whether a party is entitled to an area variance is a matter to be decided by a local zoning board in the exercise of its discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). Had the Board herein denied the Arnolds' application for an area variance, subsequent applications for the same relief submitted merely to cure defects in the proof could be barred by the principles of res judicata *(see, Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839, 840). The Board, however, actually granted the Arnolds' application and, more importantly, this Court annulled the Board's determination. As a result, there is no final determination of the entitlement of the Arnolds or any other party to an area variance by the administrative agency vested with the discretion to make such a determination.

This Court's decision to annul the Board's determination which granted the Arnolds' application for a variance cannot be viewed as the functional equivalent of a denial of that application. As previously noted, it was for the Board to decide whether to grant or deny the Arnolds' application for a variance. This Court's role in the matter was a limited one, for the courts may not interfere with zoning board determinations that have a rational basis in the record *(Matter of Doyle v Amster,* 79 NY2d 592, 596). Consistent with this limited scope of review, we held only that the Board's determination should be annulled because the sparse record before the Board made its determination wholly irrational *(Clute v Town of Wilton Zoning Bd. of Appeals,* 177 AD2d 925, 927, *supra).*

In these circumstances, the Arnolds would not have been barred from renewing their application for an area variance so that they could obtain a final adjudication of their claim by the administrative agency vested with the discretion to determine the matter *(see, Matter of Kenyon v Quinones,* 43 AD2d 125, 129; Matter of Fasani v Rappaport, 30 AD2d 588, 590). Of course, the renewal application would require the submission of additional evidence other than that submitted on the prior application to avoid the preclusive effect of our prior decision on the Board's discretion to grant a variance *(see, Matter of International Summit Equities Corp. v Van Schoor,* 192 AD2d 607). Based upon the conclusion that our prior decision did not bar the Arnolds from renewing their application for a variance, it necessarily follows that the Gagnons, as subsequent purchasers of the Arnolds' property, were not barred by our prior decision from applying for the same variance that was granted to the Arnolds in the determination annulled by this Court.

■ Petitioners' argument directed at the Board's authority to rehear an order, decision or determination *(see,* Town Law former § 267 [6], repealed by L 1991, ch 692, § 1, reenacted as Town Law § 267-a [12], by L 1993, ch 208, § 8) is irrelevant. After the Board's determination to grant the Arnolds' application for a variance was annulled by this Court, there was no order, decision or determination for the Board to rehear. The application by the Gagnons was a new application seeking the same relief that the Arnolds had sought.

■ Turning to the question of whether there is a rational basis in the record for the Board's determination to grant the Gagnons' application for a variance, the record contains evidence concerning all of the relevant factors *(see,* Town Law

§ 267-b [3] [b]), including the claim that the difficulty was self-created to some extent. It is clear from the record that the Board considered all of the relevant factors and that its determination is supported by a rational basis. Supreme Court's judgment should therefore be affirmed.

CARDONA, P. J., WHITE, WEISS and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.