■ In the Matter of LONG ISLAND UNIVERSITY (C. W. POST CAMPUS), Appellant-Respondent, v VILLAGE OF BROOKVILLE, et al., Respondents-Appellants. [701 NYS2d 916] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Village of Brookville dated August 26, 1997, as imposed certain conditions on the granting of the petitioner's conditional use permit for a proposed athletic facility on its premises, the petitioner appeals from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered January 13, 1999, as denied that branch of its petition which was to annul condition number 9, requiring a minimum two-hour period separating arrivals and departures for events scheduled at the existing Tilles Center and the proposed athletic facility, and the Village of Brookville and the Zoning Board of Appeals of the Village of Brookville and the Brookville Taxpayers Association separately cross-appeal from so much of the same judgment as annulled condition numbers 1, 7, 11, 12, 17, 18, and 19.

Ordered that the judgment is modified by (1) deleting the provision thereof annulling condition numbers 17 and 18, and (2) deleting the provision thereof sustaining condition number 9 and substituting therefor a provision modifying condition number 9 to permit a minimum of one hour separating arrivals and departures of persons attending events scheduled on campus at the Tilles Center and the proposed athletic facility where the combined number of attendees will exceed 2,500 people; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner, Long Island University (C.W. Post Campus) (hereinafter the petitioner), sought a conditional use permit for the construction of a 3,000 seat athletic facility on its campus. In approving the permit, the Zoning Board of Appeals of the Village of Brookville imposed 20 conditions. The petitioner challenged eight of the conditions. The Supreme Court granted the petition to the extent that the court annulled seven of the eight challenged conditions as not supported by substantial evidence. The court sustained condition number 9. The petitioner

appealed from so much of the judgment as sustained condition number 9 and the Village of Brookville and the Zoning Board of Appeals of the Village of Brookville (hereinafter collectively the ZBA), and the intervenor Brookville Taxpayers Association separately cross-appeal from so much of the judgment as annulled the other seven challenged conditions.

The Supreme Court properly determined that five of the challenged conditions were not supported by substantial evidence (*see, Matter of Marcello v Humenik,* 222 AD2d 677, 678; *American Nassau Bldg. Sys. v Press,* 143 AD2d 789, 791). However, the Supreme Court erred in annulling condition numbers 17 and 18 which provide that the petitioner will deliver to the Village Counsel of the Village of Brookville a withdrawal of the subdivision approval granted by the Zoning Board of the Village of Brookville on April 27, 1996 (condition number 17), and covenants and restrictions running in favor of the Village of Brookville whereby the petitioner covenants, *inter alia*, not to subdivide or build any structure upon the 67.9 acres of property situated in the Village of Old Westbury which is contiguous to its main campus (condition number 18). These conditions, which relate to the proposed use of the land, were reasonable and supported by substantial evidence.

Condition number 9, required a minimum of two hours separating arrivals and departures of persons attending events scheduled on campus at the Tilles Center (an existing concert/lecture hall) and the proposed athletic facility where the combined number of attendees will exceed 2,500 people. That condition was not supported by substantial evidence inasmuch as the Board's own expert recommended that arrival and departure times be staggered an hour apart. Accordingly, condition number 9 is modified to provide a minimum of one hour between the scheduling of events at the Tilles Center and the proposed athletic facility when the combined number of attendees will exceed 2,500 people (*cf., Matter of Brous v Planning Bd.,* 191 AD2d 553).

The parties' remaining contentions are without merit. Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.