Matter of Carl Myers Enters., Inc. v Town of Conesus Zoning Bd. of Appeals (2021 NY Slip Op 02972)





Matter of Carl Myers Enters., Inc. v Town of Conesus Zoning Bd. of Appeals


2021 NY Slip Op 02972


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, AND DEJOSEPH, JJ.


1259 CA 19-01858

[*1]IN THE MATTER OF CARL MYERS ENTERPRISES, INC. AND TOWN OF CONESUS, PETITIONERS-RESPONDENTS,
v
TOWN OF CONESUS ZONING BOARD OF APPEALS, THOMAS BRUCKEL, PATRICIA BRUCKEL, SALLY HIRTH AND ROBERT SIRACUSA, RESPONDENTS-APPELLANTS. 






THE ZOGHLIN GROUP, PLLC, ROCHESTER (BRIDGET A. O'TOOLE OF COUNSEL), FOR RESPONDENT-APPELLANT TOWN OF CONESUS ZONING BOARD OF APPEALS.
KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR RESPONDENTS-APPELLANTS THOMAS BRUCKEL, PATRICIA BRUCKEL, SALLY HIRTH AND ROBERT SIRACUSA. 
 


 Appeals from a judgment (denominated order) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered September 11, 2019 in a CPLR article 78 proceeding. The judgment, inter alia, granted the petition and annulled a determination of respondent Town of Conesus Zoning Board of Appeals. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying that part of the petition seeking to annul the determination of respondent Town of Conesus Zoning Board of Appeals on the ground that it violated Town Law
§ 267-a (12), and vacating the eighth ordering paragraph and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Livingston County, for further proceedings in accordance with the following memorandum: By a vote of 3 to 2, respondent Town of Conesus Zoning Board of Appeals (ZBA) denied an application by petitioner Carl Myers Enterprises, Inc. (CME) for a conditional use permit. CME thereafter commenced this CPLR article 78 proceeding to annul that determination. Supreme Court, inter alia, granted the petition and annulled the challenged determination on the ground that it was not unanimous as purportedly required by Town Law
§ 267-a (12). Respondents now appeal.
Upon a "rehearing," a zoning board of appeals may "reverse, modify or annul its original order, decision or determination" only with the "unanimous vote of all members then present" (Town Law
§ 267-a [12]; see Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals, 169 AD2d 73, 77 [3d Dept 1991], lv dismissed 79 NY2d 822 [1991]; Matter of Stevens v Hewson, 152 AD2d 956, 956 [4th Dept 1989]). Respondents argue that the challenged determination in this case was not rendered upon a "rehearing" to which the unanimity rule of section 267-a (12) applies. We agree. For purposes of section 267-a (12), a "rehearing" occurs only after a successful "motion" "by any member of the board" "to review any order, decision or determination of the board," and it is undisputed that the challenged determination in this case was not rendered following a successful motion by any ZBA member to review any prior order, decision or determination of the ZBA. Thus, the ZBA permissibly made the challenged determination by a split vote (see § 267-a [13] [a]; Matter of Clute v Town of Wilton Zoning Bd. of Appeals, 197 AD2d 265, 268 [3d Dept 1994]). Notably, petitioners do not contend that the ZBA was barred from considering the application underlying the challenged determination without having first approved a motion for a [*2]rehearing (cf. Stevens, 152 AD2d at 956).
Contrary to the court's ruling, the fact that a different justice in a prior proceeding had ordered the ZBA to revisit a related zoning application concerning the same property was irrelevant to whether the unanimity rule of Town Law § 267-a (12) applied to the particular determination challenged in this proceeding. Plainly, the prior judicial order was not itself a successful "motion" "by any [ZBA] member" "to review any order, decision or determination of the [ZBA]" such that the ZBA was barred from "revers[ing], modify[ing] or annul[ling] its original order, decision or determination" without a unanimous vote (§ 267-a [12]). Section 267-a (12), in short, operates only when a zoning board of appeals elects on its own initiative to review or reconsider its own prior determination, not when it acts on a new or revised application or when it revisits a prior ruling at the direction of a court.
In light of the foregoing, we conclude that the court erred in granting the petition on the ground that the challenged determination violated the unanimity requirement of Town Law § 267-a (12). We therefore modify the judgment accordingly and, because the court did not address the petition's alternative grounds for annulling the challenged determination, we remit the matter to Supreme Court to consider those grounds (see Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]). Respondents' remaining contentions do not warrant reversal or further modification of the judgment.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court